GREENMAN *v.* PHILLIPS.

1. PERPETUITIES—BEQUEST TO CITY FOR PLAYGROUND IS FOR "EDUCATIONAL" USE AND IS NOT VOID—STATUTES.

A bequest to a city to be used by it for the purpose of providing a suitable playground for children comes within the meaning of the word "educational," as used in 3 Comp. Laws 1915, § 11099, providing that no bequest or devise, whether in trust or otherwise, to religious, educational, charitable or benevolent uses, should be invalid by reason of indefiniteness or uncertainty of object, nor by reason of the same contravening any statute or rule against perpetuities, and therefore said bequest is valid.

[1]Charities, 11 C. J. § 43 (Anno); Perpetuities, 30 Cyc. p. 1519.

2. STATUTES—TITLE—CONSTITUTIONAL LAW.

Objection to the validity of Act No. 122, Pub. Acts. 1907, as amended by Act No. 125, Pub. Acts 1911, because of defect in title, which was remedied when again amended by Act No. 280, Pub. Acts 1915, is without force.

3. PERPETUITIES—BEQUEST TO CITY FOR PLAYGROUND IS FOR PUBLIC PURPOSE AND VALID—STATUTES.

Under 1 Comp. Laws 1915, § 3301, providing that any city may accept a devise or bequest for public purposes and that no such gift should be invalid because of informality in the instrument evidencing the gift if the intent could be determined therefrom, nor by reason of its contravening any rule or statute against perpetuities, a bequest to a city to be used for the purpose of providing a suitable playground for children is valid.

Appeal from Cass; Warner (Glenn E.), J.     Submitted October 12, 1927.     (Docket No. 105.)     Decided January 5, 1928.

Bill by Mintie Jones Greenman and others against George W. Phillips, administrator of the estate of Mary Andrews, deceased, and the city of Dowagiac to set aside a provision in the last will of Mary Andrews. From a decree dismissing the bill, plaintiffs appeal. Affirmed.

*Walter C. Jones,* for plaintiffs.

*James H. Kinnane,* for defendants.

BIRD, J.     Mary Andrews was a spinster and a long-time resident of Dowagiac.     She passed away in 1924, and left a will, one provision of which is in controversy here.     The fourth paragraph provides:

"All the balance of my estate, whether the same be real or personal, I hereby give, devise and bequeath to the city of Dowagiac, a municipal corporation, the same to be used by the said city for the purpose of

[2]Perpetuities, 30 Cyc. p. 1519; Statutes, 36 Cyc. p. 1055; [3]Charities, 11 C. J. § 43 (Anno).

241—Mich.—30.

providing a suitable playground for children, and I hereby direct that the sum of money or other property received by the said city under this bequest or devise shall be used for no other purpose."

The plaintiffs are cousins of the deceased, and they raise the question that this provision of the will creates a perpetuity, is uncertain as to its object, and uncertain as to the parties sought to be benefited. We do not share plaintiffs' views. Why we do not can be readily explained by quoting the statute:

"No gift, grant, bequest or devise, whether in trust or otherwise to religious, educational, charitable or benevolent uses, or for the purpose of providing for the care or maintenance of any part of any cemetery, public or private, or anything therein contained which shall in other respects be valid under the laws of this State, shall be invalid by reason of the indefiniteness or uncertainty of the object of such trust or of the persons designated as the beneficiaries thereunder in the instrument creating the same, nor by reason of the same contravening any statute or rule against perpetuities. If in the instrument creating such a gift, grant, bequest or devise, there is a trustee named to execute the same, the legal title to the lands or property given, granted, devised or bequeathed for such purposes, shall vest in such trustee. If no such trustee shall be named in said instrument or if a vacancy occurs in the trusteeship, then the trust shall vest in the court of chancery for the proper county, and shall be executed by some trustee appointed for that purpose by or under the direction of the court; and said court may make such orders or decrees as may be necessary to vest the title to said lands or property in the trustee so appointed." 3 Comp. Laws 1915, § 11099.

This bequest clearly comes within the word "educational." School sites are now selected with a view of having playgrounds for the children. The opportunity for play and exercise is now considered a part of the child's education, and no school site is regarded as complete unless this facility is afforded. The de-

ceased had, in earlier life, been a teacher in the Dowagiac schools. Her other bequest shows she was much interested in school children, and she supplied by this bequest what she thought would be for their benefit and improvement.

But it is argued that this statutory provision is unconstitutional because of a defective title. That question was raised and discussed at some length in *Loomis v. Mack,* 183 Mich. 674. The point was denied by the trial court and affirmed in this court, by an equally divided vote. That case, however, considered the validity of the title to Act No. 122, Pub. Acts 1907, as amended by Act No. 125, Pub. Acts 1911. Since that time the statute has been amended again. The section quoted herein was enacted in May, 1915, and avoided the constitutional objections raised against the title to Act No. 122, Pub. Acts 1907. In view of this, counsel's argument that the title is defective is without force.

Another statute is cited by defendant's counsel in support of the provision of the will. It follows:

"Any city, village, township or other municipal corporation in the State of Michigan may receive, own and enjoy any gift of real or personal property, made by grant, devise, bequest or in any other manner, for public parks, grounds, cemeteries, public buildings and other public purposes, whether made directly or in trust, subject to such conditions, limitations and requirements as may be provided in such grant, devise, bequest or other instrument. No such gift shall be invalid because of any informality in the instrument evidencing such gift, if the intent can be determined therefrom, nor by reason of its contravening any statute or rule against perpetuities. All such gifts heretofore made, either by grant, devise, bequest or in any other manner are hereby declared valid, though they violate any statute or rule against perpetuities, the same as if this act had been in effect when made." 1 Comp. Laws 1915, § 3301.

This section also sustains the validity of the pro-

vision of the will and is a complete answer to some of plaintiffs' contentions. These statutes were enacted by the legislature to do away with some of the restrictions and niceties of the common law. The conditions which gave rise to them never existed in this country, and no reason is apparent why we should continue to observe them.

The trial court was right in sustaining the provision of the will, and the decree will be affirmed, with costs of both courts to defendants.

FELLOWS, WIEST, CLARK, McDONALD, and SHARPE, JJ., concurred.

The late Justice SNOW and Chief Justice FLANNIGAN took no part in this decision.