Mabel O. Lawrence, a residuary legatee under the will of Thomas Oliff, deceased, contested the final account of Charles E. Taylor, testamentary trustee. In the probate court the account was surcharged with a negligent loss and the trustee appealed to the circuit court where, upon trial by jury, the account was allowed as presented by the trustee. The contestant reviews by appeal.
Under the will of Mr. Oliff, who died October 14, 1926, Charles E. Taylor was nominated as executor and trustee, and he was appointed executor on December 4, 1926, qualified and acted as such and his final account as executor was allowed April 4, 1930. Thereafter, he assumed to act as testamentary trustee and filed annual accounts as trustee, but was not discharged as executor until July 14, 1933, at which time he was appointed trustee, received his letters of trusteeship and qualified by giving bond.
We find a previous order of the probate court, dated May 27, 1933, reciting:
"It appearing from examinations of the records and the will in the above matter that Charles E. Taylor of Clio was nominated as trustee under the will but due to an oversight of this court at the time of filing his account as administrator (executor) no trustee was appointed. *Page 46 
"It is therefore ordered that the said Charles E. Taylor be appointed trustee and that he give bond in the amount of $2,000."
That order did not serve as letters of trusteeship, nunc protune, as of the date of the filing of the final account of the executor. It expressly negatived former action of such import. It was a present appointment, inoperative without compliance with statutory provisions hereinafter mentioned. It could in no event permit statutory qualifications to have prior operation. Mr. Taylor did not qualify under that order of appointment but did qualify under the later appointment of July 14, 1933.
The statute, 3 Comp. Laws 1929, § 15865, is mandatory in requiring that:
"Every testamentary trustee before he enters upon his duties as trustee, shall give bond."
Mr. Taylor could not exercise, or have any power or authority to act as testamentary trustee until granted the letters of trusteeship on July 14, 1933. 3 Comp. Laws 1929, §§ 15865, 15866; Gibney v. Allen, 156 Mich. 301; Wessborg v. Merrill,195 Mich. 556 (L.R.A. 1918E, 1074); Chapin v. Chapin, 229 Mich. 515.
"His assuming to act even in honest belief in his power does not confer power upon him." Chappus v. Lucke, 246 Mich. 272,276.
See, also, 3 Comp. Laws 1929, §§ 15902, 15903, relative to testamentary trustees.
The acts of Mr. Taylor, after his appointment as executor and before the issue of letters of trusteeship on July 14, 1933, were, in law, his acts as executor and not as trustee.Chapin v. Chapin, supra. *Page 47 
The offices of executor and testamentary trustee are distinct, and the fact that the same person is nominated in a will to fill both does not and cannot bring relation of his acts in one capacity with those in the other.
The charges here made by contestant of dereliction and mismanagement by the trustee antedated his letters of trusteeship and his lawful entry upon the duties of such office and were, in point of law, his acts as executor and not chargeable to him as trustee and bring liability to his surety.
When this appeared at the trial counsel for the trustee moved for a directed verdict allowing the trustee's account from the time of his appointment as such because, during such period, there was no contest. This motion should have been granted.
The court, however, submitted the issues presented by the objections to the jury. The jury allowed the account as presented by the trustee and judgment was entered on the verdict.
The judgment accomplished what we have said should have been done by the court upon the motion to direct the verdict and it is affirmed, with costs to appellee.
FEAD, C.J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred. *Page 48