ERICKSON *v.* LEACH.

1. APPEAL AND ERROR—NEW TRIAL—DIRECTED VERDICT—EVIDENCE.
   On appeal from verdict and judgment of no cause of action a new trial will not be granted appellant if the trial court should have granted defendant's motion for a directed verdict and in the determination of such matter the evidence must be viewed in the light most favorable to plaintiff.

2. MASTER AND SERVANT—ABROGATION OF COMMON-LAW DEFENSES—
EMPLOYER'S NEGLIGENCE.

   Notwithstanding abrogation of certain common-law defenses
   by the workmen's compensation act, it is still necessary, in
   order for an employee to recover damages for personal in-
   juries from his employer, not operating under the act, to
   show negligence on part of latter (2 Comp. Laws 1929,
   § 8407).

3. SAME—PAPER-REMOVING MACHINE—NEGLIGENCE—EVIDENCE.

   Employer, not operating under workmen's compensation act,
   *held*, as a matter of law not negligent in failing to provide
   additional help to plaintiff to carry paper-removing machine
   up stairs 32 inches wide where machine was made to be
   carried by one person, was customarily so carried, was carried
   by plaintiff from truck to front porch and, after injury while
   carrying it upstairs, plaintiff carried it on upstairs and con-
   tinued to use it (2 Comp. Laws 1929, § 8407).

4. SAME—EXTRA HELP—NEGLIGENCE—REMOVAL OF PAPER.

   In action by employee against alleged employer, not operating
   under workmen's compensation act, for injuries sustained
   while carrying a paper-removing machine up stairs 32 inches
   wide, defendant *held*, as a matter of law not negligent in
   failing to provide extra help to remove a few scraps of paper
   on stairway.

Appeal from Genesee; Black (Edward D.), J.
Submitted June 16, 1938. (Docket No. 107, Calendar
No. 39,783.) Decided October 3, 1938.

Action by Eric A. Erickson against Glenn F. Leach
for damages for personal injuries sustained while
allegedly in defendant's employ. Verdict and judg-
ment for defendant. Plaintiff appeals. Affirmed.

*McGregor & Hospers* (*Richard C. Fruit,* of coun-
sel), for plaintiff.

*Carton, Gault & Davison,* for defendant.

SHARPE, J. This is an action for damages for personal injuries suffered by plaintiff November 27, 1935. It appears that in September, 1935, plaintiff, a painter by trade, entered the employ of defendant Leach, who at that time was a decorating contractor. It was the duty of plaintiff to report for work each working day and he was paid 60 cents per hour for the time he actually worked. The business of Leach depended upon the number of jobs he was able to get. Leach had other men working for him under the same arrangement as plaintiff. In some of the jobs Leach was able to get, he used from one to six men to do the work. When Leach was not present, one Emil Thyme acted as foreman. It also appears that Leach and Thyme entered into an arrangement by which, during Leach's contemplated trip to Florida, Thyme would operate the business. Thyme used Leach's truck and equipment and was to pay for the telephone and rent of the building and office used by Leach.

Before Leach left for Florida, a Mrs. Smith called Leach to remove some wall paper and Leach gave the call to Thyme. When plaintiff reported for work on the day in question, Leach was not present, but Thyme asked plaintiff if he wanted to go out and remove some wall paper. Plaintiff consented to do the work and drove out to Mrs. Smith's and Thyme also drove out there in Leach's truck. Upon arrival at the Smith home, there was some dispute between Mrs. Smith and Thyme about the price; and upon it being adjusted, the work commenced. Plaintiff used a steaming machine which consisted of a steam boiler, heated by a gasoline torch. The machine when empty of water weighed about 60 pounds and when filled weighed about 125 pounds. Some of the paper to be removed was in an upstairs room, and

in order to get the machine upstairs it was necessary to carry it up a stairway about 32 inches wide. Plaintiff started to carry the machine upstairs and as he reached the third step the machine struck the riser, plaintiff lost his balance, slipped on some loose paper, and was injured. Immediately after the accident plaintiff felt faint, rested a while and later carried the machine upstairs without any further mishap. The day following the accident, plaintiff became sick, the diagnosis was a rupture of blood vessels in the stomach.

Leach had permitted his compensation insurance to expire and on the date of the accident, Thyme had not filed an acceptance under the compensation law.

The case is a master and servant injury case with the common-law defenses barred, 2 Comp. Laws 1929, § 8407 (Stat. Ann. § 17.141). At the close of plaintiff's proofs defendant made a motion for a directed verdict on the ground that plaintiff was not working for defendant at the time of the accident; and that, if so, no negligence was shown on the part of defendant. The trial judge reserved decision under the Empson act, 3 Comp. Laws 1929, § 14531 (Stat. Ann. § 27.1461). The cause was submitted to a jury who returned a verdict in favor of defendant.

Plaintiff appeals and contends that, on the day in question, plaintiff was in the employ of defendant as he (plaintiff) had no notice of the transfer of the business from Leach to Thyme; that the employment was for an indefinite term; and that the defendant failed to furnish other employees to help in the handling, moving and use of the steam machine and failed to keep the steps clean in the premises mentioned.

In considering the motion for a directed verdict we have in mind that the evidence must be viewed in the light most favorable to plaintiff (*Yacobian* v. *Vartanian,* 221 Mich. 25), and that from a verdict of no cause of action, a new trial will not be granted to appellant if the trial court should have granted defendant's motion for a directed verdict. *Zimmerman* v. *Goldberg,* 277 Mich. 134; *In re Oliff's Estate,* 283 Mich. 43.

Under the provisions of the workmen's compensation law, as to an employer not under the act, certain of the defendant's common-law defenses have been abrogated, yet the plaintiff must prove negligence on the part of his employer before he can recover. 2 Comp. Laws 1929, § 8407 (Stat. Ann. § 17.141). In the case at bar plaintiff has attempted to do this by offering evidence to the effect that plaintiff was not provided sufficient help to carry the machine upstairs, yet the facts are that this particular machine was made to be carried by one person and was customarily done. This is substantiated by the fact that plaintiff carried the machine from the truck to the front porch of the house and after the injury plaintiff carried it upstairs and continued to use it. Plaintiff offered in evidence the testimony of one William Miller, but an analysis of his testimony shows that he never had a paper-removing machine similar to the one in question, nor had he ever used one. His testimony is not helpful to plaintiff.

The record is clear that the cause of the accident was plaintiff allowing the machine to hit the riser of the third step, causing him to lose his balance and slip on paper that had been placed there by plaintiff in his removal of paper from the walls and ceiling of the house. Nor do we think that there was any

obligation on the part of defendant to provide extra help to pick up a few scraps of paper which plaintiff could have done in a few seconds at the most.

The motion for a directed verdict should have been granted and the judgment is affirmed, with costs to defendant.

WIEST, C. J., and BUSHNELL, POTTER, CHANDLER, NORTH, and MCALLISTER, JJ., concurred. BUTZEL, J., did not sit.