*In re* JONES' ESTATE.

APPEAL OF SCHOOL DISTRICT OF THE CITY OF BATTLE CREEK.

APPEAL OF OAK HILL CEMETERY COMPANY.

1. TRUSTS—WILLS—CONSTRUCTION—CHARITABLE TRUSTS.
Two trusts created by will for cemetery and educational purposes are construed as testamentary trusts for charitable purposes.

2. SAME—TESTAMENTARY TRUSTS—CHARITABLE TRUSTS—PROBATE COURT—JURISDICTION.
The probate court has jurisdiction over testamentary trusts and must require bonds of all trustees before issuing letters of trusteeship and no exception as to trusts for charitable purposes is made by statute conferring jurisdiction (CL 1948, §§ 701.19, 704.1, 704.3).

3. SAME—TESTAMENTARY TRUSTS—APPOINTMENT OF TRUSTEE—PROBATE COURT.
The probate court is not authorized to appoint any other person than one named in will setting up testamentary trust, except in case of failure to qualify or for other good cause shown (CL 1948, §§ 701.19, 704.1, 704.3).

---

REFERENCES FOR POINTS IN HEADNOTES

[2] Generally as to qualifications of testamentary trustee, see 54 Am Jur, Trusts § 126.
Generally as to jurisdiction of probate courts, see 14 Am Jur, Courts §§ 8, 169.
[4] Generally as to bond or security given by trustee, see 54 Am Jur, Trusts § 541 *et seq.*
[6] 50 Am Jur, Statutes § 348.
[7–11] Generally as to jurisdiction of courts of equity over trusts, see 54 Am Jur, Trusts § 565.
[9–11] Generally as to appointment of trustee by court of equity to prevent failure of trust, see 54 Am Jur, Trusts §§ 121, 122.
[11] 54 Am Jur, Trusts § 565; 57 Am Jur, Wills §§ 1025, 1027.
[13] 14 Am Jur, Costs § 92.

4. SAME—TESTAMENTARY TRUSTEES—BONDS.

A testamentary trustee, appointed by the probate court, can accept the trust and perform the duties of trustee only after filing the required bond (CL 1948, §§ 701.19, 704.1, 704.3).

5. SAME—TESTAMENTARY TRUSTEES—LETTERS OF TRUSTEESHIP—COLLATERAL ATTACK.

An order of the probate court, granting letters of trusteeship to trustees named in a will, is necessarily a construction of the will and is not subject to collateral attack (CL 1948, §§ 701.-19, 704.1, 704.3).

6. STATUTES—IN PARI MATERIA—CONSTRUCTION.

Statutes relating to the same subject, being *in pari materia*, should be construed together and effect given to all of them.

7. TRUSTS—STATUTES—CHARITABLE TRUSTS—CIRCUIT COURTS—TESTAMENTARY TRUSTS—PROBATE COURTS—JURISDICTION.

Statute conferring jurisdiction upon circuit courts in chancery over charitable trusts and probate code conferring jurisdiction upon probate courts over testamentary trusts can both be given effect without necessary conflict (CL 1948, § 554.351 *et seq.;* §§ 701.19, 704.1, 704.3).

8. SAME—STATUTES—JURISDICTION—COURTS—TESTAMENTARY TRUSTS FOR CHARITABLE PURPOSES.

Statute conferring jurisdiction upon circuit courts in chancery over charitable trusts does not give such court exclusive jurisdiction over a testamentary trust for a charitable purpose so as to nullify provisions of probate code conferring jurisdiction upon probate courts over testamentary trusts without exception (CL 1948, § 554.351 *et seq.;* §§ 701.19, 704.1, 704.3).

9. SAME—CHARITABLE TRUSTS—STATUTES.

The purpose of the act conferring jurisdiction upon circuit courts in chancery over charitable trusts is to prevent certain gifts, grants, bequests and devises, whether in trust or otherwise, to religious, educational, charitable or benevolent uses, or for the care of cemeteries, from being held invalid, by reason of indefiniteness or uncertainty of the object of the trust, of beneficiaries thereunder, or by reason of contravention of any statute or rule against perpetuities, or by reason of failure to name a trustee or provide for his successor (CL 1948, § 554.351 *et seq.*).

10. SAME—CHARITABLE TRUSTS—JURISDICTION—COURTS.

Charitable trusts, created by testamentary devise or bequest are included under the jurisdiction granted by statute to the probate court the same as other testamentary trusts except as such trusts are saved from invalidation by statute, conferring jurisdiction upon circuit courts in chancery over charitable trusts, by reason of indefiniteness or uncertainty of object, contravention of statute or rule against perpetuities or failure to name trustee or provide for successor (CL 1948, § 554.351 *et seq.*; §§ 701.19, 704.1, 704.3).

11. SAME — COURTS — JURISDICTION — TESTAMENTARY CHARITABLE TRUSTS.

The circuit court in chancery has jurisdiction to construe wills, incident to its general power over trusts, but such jurisdiction over testamentary charitable trusts is not exclusive nor does its existence deny jurisdiction of probate courts over such trusts, in the absence of any proceeding in chancery court whereby validity of the trust is challenged by reason of indefiniteness or uncertainty of object, contravention of statute or rule against perpetuities or failure to name trustee or provide for successor (CL 1948, § 554.351 *et seq.*; §§ 701.-19, 704.1, 704.3).

12. SAME—CEMETERIES—SCHOOLS—QUALIFICATION OF TESTAMENTARY TRUSTEES.

Probate court properly declined to authorize executor to turn over testamentary trust funds to appellants until they had qualified and obtained authority as trustees to receive and administer funds left in trust for cemetery and educational purposes, since it had authority to order the trustees to give bonds, qualify and receive letters of trusteeship before receiving funds devised (CL 1948, §§ 701:19, 704.1, 704.3).

13. COSTS—BRIEFS.

No costs are allowed appellee upon affirmance of order of probate court as affirmed by circuit court, where he filed no brief in the Supreme Court.

Appeal from Calhoun; Hatch (Blaine W.), J. Submitted June 6, 1952. (Docket No. 41, Calendar No. 46,266.) Decided September 3, 1952.

In the matter of the estate of Genevieve R. Jones, deceased. The executor petitioned probate court for

instructions relative to trustees qualifying. Both probate and circuit court on appeal held they should qualify in probate court. Oak Hill Cemetery Company and School District of the City of Battle Creek appeal. Affirmed.

*Horace M. Mechem* and *Ronald M. Ryan,* for appellants.

Boyles, J. This case brings the question whether the probate court has jurisdiction over certain trusts created by the will of Genevieve R. Jones, deceased, duly admitted to probate in Calhoun county. The facts have been stipulated.

Said will sets up 2 trusts. In one of them the testatrix gives $5,000 to the Oak Hill Cemetery Company in trust for the following purposes:

"(A) To place said sum in a fund separate and apart from any of the other funds owned or administered by said company, and to invest and reinvest said sum, and any unused income accumulated thereon from time to time, in such income-producing securities and properties as shall be lawful trust investments under the laws of Michigan in effect from time to time.

"(B) To use and apply the income from said separate fund for the purpose of maintaining the A. O. Jones family cemetery lot in said Oak Hill Cemetery."

The second trust devises and bequeaths the residue of the estate (approximately $240,000) to the School District of the City of Battle Creek, in trust, with the following directions as to its use and purposes:

The school district is to divide said residue into 3 separate, equal funds, each to be administered apart from the others. One fund, to be known as the Community Civic and Social Center Fund,

"shall be used by said school district, when and as the board of education of said district deems best, in defraying a part or all of the cost of constructing a new building, or an addition to an existing building belonging to the said school district, to be used as a Community Civic and Social Center where groups may gather for civic and social activities."

The second fund, to be known as the Almon O. Jones Teachers' Fund, is to be held, invested and reinvested by the school district as trustee, and it is required to use the net income as follows:

"The net income * * * shall be granted from time to time * * * to employees of said school district for the purpose of aiding them in advanced study, in travel or in other activities calculated better to fit them for their service to the Battle Creek public schools. Preference in making such grants shall be given to employees actively engaged in the classroom instruction of students."

The will then directs that the net income from the third fund, to be known as the Almon O. Jones Student's Fund,

"shall be used in the unfettered discretion of the board of education of said school district, or its successor governing body, to remedy the lot of underprivileged children of public school age resident in the city of Battle Creek or attending its public schools."

The executor of the estate petitioned the probate court for instructions as to whether said 2 trustees need qualify in the probate court as testamentary trustees before the trust funds could be turned over to them. After due notice and a hearing thereon, the probate judge entered an order declaring that these were testamentary trusts, that the jurisdiction conferred on circuit courts over trusts for certain charitable purposes does not deprive the probate

court of jurisdiction of such trusts when created by a will; and directed that each trustee must file a bond in said court and receive letters of trusteeship before receiving the funds and entering upon its fiduciary duties.

The 2 trustees appealed to the circuit court, where Judge Hatch filed a well-considered opinion holding that these were testamentary trusts within the jurisdiction of the probate court over which the circuit court does not have exclusive jurisdiction, and entered judgment affirming the order of the probate court. Thereupon the trustees, on one record and on stipulated facts, have perfected a consolidated appeal to this Court.

The only question involved is whether the probate court has jurisdiction, under a will admitted to probate in that court, over testamentary trusts for charitable purposes—stated in another way: Does the circuit court in chancery have sole and exclusive jurisdiction over testamentary charitable trusts? No issue has been raised as to the validity of the trusts, or seeking a construction as to their provisions or purposes. For the purposes of this decision they will be considered as trusts both for charitable purposes as well as testamentary trusts.

Appellants claim that under PA 1915, No 280 (CL 1948, § 554.351 *et seq.* [Stat Ann § 26.1191 *et seq.*]), the circuit court in chancery has exclusive jurisdiction over the trusts involved in this case. They contend that under said act the jurisdiction of circuit courts in chancery is exclusive, and that the probate court does not have jurisdiction over testamentary trusts which are for charitable uses. Appellants concede that probate courts have general jurisdiction over testamentary trusts, but argue that their jurisdiction does not include testamentary trusts for charitable purposes.

The probate code provides :·

"Each judge of probate shall have jurisdiction:
\* \* \*

"2. Of trusts and trustees in the execution of wills and administration of estates of deceased persons." CL 1948, § 701.19 (Stat Ann 1943 Rev § 27.3178 [19]).

"The term 'fiduciary' as used in this act, unless the context shall require a different meaning, shall include all executors, administrators, general or special, administrators with the will annexed, administrators *de bonis non,* guardians, general or special, and trustees, appointed by or under the jurisdiction of the probate court, whether testamentary or otherwise : Provided, That the term 'fiduciary' shall not include guardians *ad litem.*

"The term 'testamentary trustee' as used in this act includes every person, except an executor, an administrator with the will annexed, or a guardian, who is designated by a will or by any competent authority to execute a trust created by a will; and it includes such an executor or administrator where he is acting in the execution of a trust created by the will which is separable from his functions as executor or administrator." CL 1948, § 704.1 (Stat Ann 1943 Rev § 27.3178[251]).

"Every fiduciary before he enters upon the execution of his trust, and before letters of his authority shall be granted to him, and annually thereafter, shall give a bond, as provided in section 8 of this chapter, to the judge of probate in such reasonable amount as he may direct with such surety or sureties as he shall direct and approve." CL 1948, § 704.3 (Stat Ann 1943 Rev § 27.3178[253]).

It is apparent from the foregoing provisions of the probate code that probate courts are thereby given jurisdiction by statute over testamentary trusts, and are authorized and directed to require bonds of all

said trustees before issuing to them letters of trusteeship. The statute does not except testamentary trusts which are for charitable purposes.

In *Re Oliff's Estate,* 283 Mich 43, one Charles E. Taylor was nominated both as executor and trustee in the will of Thomas Oliff, deceased. He qualified as executor on December 4, 1926, but did not file a bond and receive letters of trusteeship from the probate court until July 14, 1933. In the interim, he assumed to act as trustee. This Court said:

"The statute, CL 1929, § 15865, is mandatory in requiring that:

" 'Every testamentary trustee before he enters upon his duties as trustee, shall give bond.'

"Mr. Taylor could not exercise, or have any power or authority to act as testamentary trustee until granted the letters of trusteeship on July 14, 1933."

When a trustee is named in a will, the probate court is not authorized to appoint any other person except in case of failure to qualify or other good cause shown. *Gibney* v. *Allen,* 156 Mich 301. A testamentary trustee can accept the trust and perform the duties of trustee only after filing the required bond. *Wessborg* v. *Merrill,* 195 Mich 556 (LRA1918E, 1074). An order of the probate court granting letters of trusteeship to trustees named in a will is necessarily a construction of the will, and is not subject to collateral attack. *Chapin* v. *Chapin,* 229 Mich 515.

We find nothing in PA 1915, No 280, *supra,* itself, relied on by appellants, to indicate that the circuit court in chancery should have exclusive jurisdiction over a testamentary trust for charitable purposes, which would thereby nullify the express provisions of the probate code giving the probate court jurisdiction over testamentary trusts without exception. It is difficult to reconcile the claim of appellants, that

the circuit court in chancery has exclusive jurisdiction over the trusts here involved, which admittedly are testamentary trusts, in view of appellants' concession in their brief as follows:

"Without entering upon a discussion of a sometimes difficult question when the chancery court will take jurisdiction of a matter pending in the probate court, it suffices for our purposes to say that the probate court and the chancery court have concurrent jurisdiction of testamentary trusts, that each court derives its jurisdiction from separate statutory enactments now in force, and that such was the case at all times which are significant with respect to the matters considered in this appeal."

As a general rule, statutes which can stand together, relating to the same subject, being *in pari materia,* should be construed together and effect should be given all of them. *Rathbun* v. *State of Michigan,* 284 Mich 521; *Michigan Good Roads Federation* v. *State Board of Canvassers,* 333 Mich 352. As construed by the circuit judge, the provisions of the probate code, *supra,* and those of PA 1915, No 280, can both be given effect without necessary conflict.

The precise question in this case has never been clearly decided by this Court. However, the Court has recognized the jurisdiction of the probate court over a testamentary charitable trust, and the right of that court to act where the question was raised. In *Gifford* v. *First National Bank of Menominee,* 285 Mich 58, a bill was filed in the circuit court in chancery to determine the validity of certain charitable trusts set up in the will of the testator. A will which set up a charitable trust had been admitted to probate and, when the trustees therein declined to serve, the probate court appointed a certain bank and 2 named individuals as trustees. The will provided for a charitable trust. The residue of the estate, in

excess of $210,000, was to be devoted to charitable uses, in part to further the practice of medicine, medical education, care of the sick, operation of hospitals, laboratories, and like medical institutions. In a bill in chancery the plaintiffs challenged the validity of the appointment of 2 of the trustees by the probate court, as well as their fitness to act. The circuit judge dismissed the bill of complaint, and on appeal this Court in effect affirmed the appointment of the 2 trustees by the probate court as follows:

"The first of these questions challenges the appointment by the probate court of Albert G. Cherney and Cecil J. Scanlan as trustees. It is appellants' contention that the charitable trust in the instant case is one of the class included in CL 1929, § 13512 (Stat Ann § 26.1191), since there is some 'indefiniteness or uncertainty of the object of such trust or of the persons designated as the beneficiaries thereunder in the instrument creating the same;' and that, therefore, as provided in the same section, in case a vacancy occurs in the trusteeship 'then the trust shall vest in a court of chancery for the proper county, and shall be executed by some trustee appointed for that purpose by or under the direction of the court.' See, also, CL 1929, § 13513. Appellants conclude that since the chancery court under the statute had jurisdiction of this trust, the appointment of the 2 trustees named by the probate court was void. For the purposes of this case it may be so conceded, but the record discloses that this case, including the trustees named, has already been before the circuit court of Menominee county in chancery and after full hearing a finding was made and a decree entered by the circuit judge which in effect ratifies the appointment of these trustees, including an approval of their qualifications to act, and directs them to proceed with the execution of the trust."

We are convinced by a consideration of the language of the title and sections of PA 1915, No 280, *su-*

*pra,* that it does not nullify the provisions of the probate code giving the probate court jurisdiction over the trusts here involved, as testamentary trusts. From a reading of said sections and particularly the title to said act, it is apparent that the legislature had in mind one objective, which was to prevent certain gifts, grants, bequests and. devises, whether in trust or otherwise, to religious, educational, charitable or benevolent uses, or for the care and maintenance of cemeteries, from being held invalid, by reason of indefiniteness or uncertainty of the object of the trust, or of the persons designated as beneficiaries thereunder, or by reason of the contravening of any statute or rule against perpetuities; and also for the regulation of the same by providing that if no trustee is named to execute the same, then the legal title to the lands or property devised or bequeathed shall vest in the court of chancery, with power to appoint a trustee where none is appointed or where a vacancy occurs. There can be little doubt but that said act was passed for the purpose of accomplishing the one result, namely, to save the charitable trusts mentioned therein from being invalidated for the reasons stated in section 1 of said act. By section 2 of the act the legislature, to carry out the provisions of section 1, has placed the jurisdiction in the court of chancery as being the proper court to handle such gifts, devises and bequests to religious, educational, charitable and benevolent uses, or for the care or maintenance of cemeteries, when their validity was questioned for any of the reasons stated in section 1 of said act. Charitable trusts, created by testamentary devise or bequest, are included under the jurisdiction granted by statute to the probate court, and the same as other testamentary trusts, except in so far as PA 1915, No 280, *supra,* prevents the failure of certain charitable trusts for reasons therein stated, and then confers jurisdiction upon chancery

courts to administer such trusts. It is important to note that the jurisdiction of the chancery court has not been invoked in the present situation, under any claim of circumstances or conditions referred to in said PA 1915, No 280. Had that been done, the circuit court in chancery might have jurisdiction over these trusts, assuming that issues were raised to bring them within the purview of said act. This Court has decided many issues first raised in the circuit court in chancery by bills in chancery under testamentary trusts set up in wills, to adjudicate questions concerning charitable trusts, to obtain a construction of such trust provisions, or to test their validity. The questions thus raised were within the purview of said PA 1915, No 280. For example, see *In re Brown's Estate,* 198 Mich 544; *Scudder* v. *Security Trust Co.,* 238 Mich 318; *Greenman* v. *Phillips,* 241 Mich 464; *Wanstead* v. *Fisher,* 278 Mich 68.

While the circuit court in chancery has jurisdiction to construe wills, incidental to its general power over trusts, *MacKenzie* v. *Union Guardian Trust Co.,* 262 Mich 563, the jurisdiction of circuit courts in chancery over testamentary charitable trusts is not exclusive, nor does it deny jurisdiction of probate courts over such testamentary trusts. The testamentary trusts here under consideration are testamentary trusts as well as for charitable uses. If the jurisdiction of the chancery court had been invoked by a bill of complaint which would bring the case within the purview of PA 1915, No 280, the chancery court would have jurisdiction of a charitable trust under that act.

But the complete answer to appellants' claim that the chancery court has *exclusive* jurisdiction is indicated by the *Oliff Case, supra,* where the chancery jurisdiction had not been invoked until about 7 years later, and not until after the one nominated as a trustee had received the trust fund and assumed his

powers and duties, without bond or letters of trusteeship. The Court held that his acts were not those of a trustee of the fund during that time. In the 2 trusts now before us, in the absence of any proper proceeding in the chancery court, where its jurisdiction had been invoked by a proper party, obviously the only jurisdiction and control over the trusts must be in the probate court. Absent the giving of bond, and the receiving of letters of trusteeship from that court, and until the jurisdiction of the chancery court had been properly invoked, the trusts might be carried on indefinitely, without proper authority from a court having jurisdiction of such testamentary trusts.

The probate court properly declined to authorize the executor to turn over the trust funds to the appellants until they had qualified and had obtained authority as trustees to receive and administer the trust funds. The probate court had the authority to order the trustees of said trusts to give bonds, qualify, and receive letters of trusteeship before they could receive the trust funds mentioned in said will.

Affirmed, but without costs, appellee not having filed a brief in this Court.

DETHMERS, BUTZEL, CARR, BUSHNELL, SHARPE, and REID, JJ., concurred.

The late Chief Justice NORTH did not sit.