SMEESTER v PUB-N-GRUB, INC

Docket No. 133004. Submitted October 8, 1991, at Houghton. Decided December 16, 1991, at 9:15 A.M. Leave to appeal sought.

Pamela Smeester brought an action in the Delta Circuit Court against Pub-N-Grub, Inc., her employer, seeking damages for lost wages, loss of earning capacity, intangible damages, and medical expenses resulting from a work-related accident. The defendant did not have workers' disability compensation insurance and was not an approved self-insurer. The court, Dean J. Shipman, J., granted partial summary disposition for both parties, finding the case to be one of strict liability and denying the defendant its affirmative defenses, including comparative negligence, but limiting the plaintiff's damages to the types that would have been recoverable in a proceeding under the Workers' Disability Compensation Act. The plaintiff appealed by leave granted.

The Court of Appeals *held:*

An employer may be held liable in tort for an employee's damages resulting from an injury that arose out of and in the course of employment where the employer fails to provide workers' disability compensation protection by becoming an authorized self-insurer, insuring with an authorized insurer, or insuring with the accident fund. Because the defendant did not secure the payment of compensation and have it in effect at the time of the plaintiff's injury, both common-law damages and defenses not abolished by statute were available. The court erred in limiting the damages and defenses.

Reversed and remanded.

WORKERS' COMPENSATION — EXCLUSIVE REMEDY — EMPLOYER TORT LIABILITY — ACTIONS.

The protection provided an employer by the exclusive-remedy provision of the Workers' Disability Compensation Act is not available where the employer fails to secure workers' disability compensation protection required by the act, and the employer may be held liable in tort for an employee's damages that arise

REFERENCES
Am Jur 2d, Workmen's Compensation §§ 50, 53.
See the Index to Annotations under Workers' Compensation.

out of an employment-related injury; all common-law damages and defenses not abolished by statute are available in such an action (MCL 418.131[1], 418.141, 418.611, 418.641[2]; MSA 17.237[131][1], 17.237[141], 17.237[611], 17.237[641][2]).

*Green, Renner, Weisse, Rettig, Rademacher & Clark, P.C.* (by *Richard C. Clark*), for the plaintiff.

*Stupak & Bergman, P.C.* (by *Frank A. Stupak, Jr.*), for the defendant.

Before: GILLIS, P.J., and MICHAEL J. KELLY and GRIBBS, JJ.

GRIBBS, J. Plaintiff Pamela Smeester appeals by leave granted from a circuit court order granting defendant's motion for partial summary disposition with regard to the issue of damages. We reverse.

In 1988, plaintiff worked as a cook for defendant Pub-N-Grub. During the first week of her employment, she injured her left hand in a machine used to roll pizza dough. Defendant did not have workers' disability compensation insurance and was not an approved self-insurer.

Plaintiff filed suit against defendant, seeking to recover for loss of wages, loss of earning capacity, intangible damages, and medical expenses. In response to plaintiff's motion for partial summary disposition, the trial court held this to be a case of strict liability and denied defendant its affirmative defenses, including comparative negligence. The trial court also granted defendant's motion for partial summary disposition and limited plaintiff's damages to the types that would have been recoverable in a workers' disability compensation proceeding.

The Workers' Disability Compensation Act provides:

The employee of an employer who violates the provisions of section 171 or 611 shall be entitled to recover damages from the employer in a civil action because of an injury that arose out of and in the course of employment notwithstanding the provisions of section 131 [MCL 418.641(2); MSA 17.237(641)(2)].

There is no claim in this case that the provisions of § 171 were violated. MCL 418.171; MSA 17.237(171). However, defendant did not secure the payment of workers' compensation and have it in effect at the time of plaintiff's injury, as required by § 611. MCL 418.611; MSA 17.237(611). Defendant could have complied with the statute by one of three methods: (1) becoming an authorized self-insurer, (2) insuring with an authorized insurer, or (3) insuring with the accident fund. *McGillis v Aida Engineering,* 161 Mich App 370, 372; 410 NW2d 817 (1987).

Section 131 provides in pertinent part:

The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. [MCL 418.131(1); MSA 17.237(131)(1).]

Section 131 "may be equated with the doctrine of strict liability, in that the employee is guaranteed some limited compensation for injury from the employer, while the employer rests assured that, in the ordinary case, it is immune from further suit by the employee based on the same accident." *Downie v Kent Products, Inc,* 420 Mich 197, 215; 362 NW2d 605 (1984). The act was originally adopted to give employers protection against common-law actions, while assuring adequate compensation of the injured employee. *Lahti v Fosterling,* 357 Mich 578, 585; 99 NW2d 490 (1959).

However, as provided in § 641(2), if an employer does not secure the payment of compensation, it can be held liable in tort. *McGillis,* 161 Mich App 372. It is clear from the legislative history that this revision, which removed the protection of the exclusive-remedy provision, was intended as a penalty for failure to insure. Accordingly, both common-law damages and common-law defenses not abolished by statute are available when a plaintiff elects to pursue a civil action rather than the administrative remedy. *Erickson v Leach,* 285 Mich 554, 558; 281 NW 324 (1938); *Lydman v De Haas,* 185 Mich 128, 139; 151 NW 718 (1915). MCL 418.141; MSA 17.237(141). The trial court erred in limiting both the damages and the defenses in such a manner that plaintiff's action became an exact duplicate of a workers' compensation proceeding. Such an interpretation of the statute would make illusory plaintiff's right to pursue a civil action.

Reversed and remanded for further proceedings consistent with this opinion.