SMEESTER v PUB-N-GRUB, INC

Docket No. 93402. Argued March 2, 1993 (Calendar No. 2). Decided June 8, 1993.

Pamela Smeester brought an action in the Delta Circuit Court against Pub-N-Grub, Inc., her employer, seeking compensatory damages for wage loss, loss of earning capacity, medical expenses, and intangible damages for injuries sustained during the course of her employment. The defendant did not carry workers' compensation insurance. The court, Dean J. Shipman, J., granted partial summary judgment for both parties, denying the defendant's affirmative defenses and limiting damages to compensation available under the Workers' Disability Compensation Act. The Court of Appeals, GILLIS, P.J., and MICHAEL J. KELLY and GRIBBS, JJ., reversed, holding that both common-law damages and defenses not abolished by statute are available in a civil action, and finding that the trial court erred in limiting both in such a manner that the action became a duplicate of a workers' compensation proceeding (Docket No. 133004). The plaintiff appeals.

In a unanimous memorandum opinion, the Supreme Court held:

Because the opinion of the Court of Appeals is subject to conflicting interpretation, and because of the potential jurisprudential significance of the questions posed, remand to that Court is required for a determination whether, in a cause of action brought pursuant to MCL 418.641(2); MSA 17.237(641)(2), an employee may recover damages without first showing negligence of the employer.

Vacated and remanded.

192 Mich App 224; 480 NW2d 329 (1991) vacated.

*Green, Renner, Weisse, Rettig, Rademacher & Clark, P.C.* (by *Richard C. Clark*), for the plaintiff.

*Stupak & Bergman, P.C.* (by *Frank A. Stupak, Jr.*), for the defendant.

MEMORANDUM OPINION. When an employer fails to secure the payment of compensation to an employee who is injured in the course of employ-

ment,[1] § 641(2)[2] of the Workers' Disability Compensation Act[3] allows the injured employee to bring a civil action for damages against the employer. In this appeal, we address two issues: (1) whether damages under § 641(2) are limited to compensation the injured employee would otherwise have been eligible to receive had the employer complied with the statutory mandate and secured the payment of compensation, and (2) whether § 141[4] of the act precludes the uninsured employer from raising its employee's negligence as a defense in that action.

I

On November 5, 1988, plaintiff Pamela Smeester was injured while attempting to flatten pizza dough by pushing it through the rollers of a pizza dough machine. The machine was located in the basement of the defendant restaurant, Pub-N-Grub, Inc., and the plaintiff was alone in the basement when the machine's rollers caught the little finger of her left hand and pulled her hand through them. The last three fingers of her left hand were crushed, and, as a result, her hand is permanently clawed. She had been hired to cook in the restaurant less than a week before the injury.

When the plaintiff submitted her medical bills to the defendant, both she and the defendant discovered that the defendant did not carry workers' compensation insurance. As permitted by § 641 of the Workers' Disability Compensation Act, she filed a civil action against her employer, seeking compensatory damages for wage loss, loss of earning capacity, medical expenses, and "intangibles normally assessed in a personal injury case . . . ."

---

[1] See MCL 418.611; MSA 17.237(611).

[2] MCL 418.641(2); MSA 17.237(641)(2).

[3] MCL 418.101 *et seq.*; MSA 17.237(101) *et seq.*

[4] MCL 418.141; MSA 17.237(141).

In short, she sought traditional tort damages for her injury.

The defendant's answer included two affirmative defenses: negligence of the plaintiff and good-faith failure to insure.[5] Alleging that the defense of negligence of the employee had been abolished in an action for damages for personal injury under the act, the plaintiff moved for partial summary disposition and requested that the trial court strike the defendant's affirmative defenses. The court granted the motion, and no appeal was taken from its decision.

The defendant also moved for partial summary disposition, asking that the trial court limit the plaintiff's damages to compensation otherwise available under the WDCA. Because the court recognized that by striking the defendant's affirmative defenses it had relieved the plaintiff of the burden of pleading and proving that the defendant was negligent, the court granted the defendant's motion. The Court of Appeals granted the plaintiff's application for leave to appeal.

The Court of Appeals reversed the decision of the trial court. While it recognized that the effect of the trial court's order striking the defendant's affirmative defenses was to hold an uninsured employer strictly liable for an employee's injuries, it held that

both common-law damages and common-law defenses not abolished by statute are available when a plaintiff elects to pursue a civil action rather than the administrative remedy. *Erickson v Leach,* 285 Mich 554, 558; 281 NW 324 (1938); *Lydman v De Haas,* 185 Mich 128, 139; 151 NW 718 (1915); MCL 418.141; MSA 17.237(141). The trial court

[5] The defendant's good-faith failure to insure is not at issue in the instant appeal, and we make no comment regarding the validity of this defense.

erred in limiting both the damages and the defenses in such a manner that plaintiff's action became an exact duplicate of a workers' compensation proceeding. Such an interpretation of the statute would make illusory plaintiff's right to pursue a civil action. [192 Mich App 224, 227; 480 NW2d 329 (1991).]

II

The Court of Appeals decision is subject to conflicting interpretations. On the one hand, the opinion may be read as: (1) implicit approval of the trial court's holding that a cause of action under § 641 is one in the nature of strict liability and, therefore, the plaintiff need not plead or prove the employer's negligence;[6] (2) implicit approval of the trial court's holding that the defendant may not assert the negligence of the employee as a defense;[7] and (3) express disapproval of limiting of damages by the trial court to compensation otherwise available under the WDCA.[8]

On the other hand, the Court of Appeals decision may also be read as: (1) implicitly holding that negligence is an element of the employee's cause of action against the employer under

[6] See 192 Mich App 225 ("In response to plaintiff's motion for partial summary disposition, the trial court held this to be a case of strict liability and denied defendant its affirmative defenses, including comparative negligence").

[7] The Court of Appeals opinion includes a citation of § 141 of the act. See 192 Mich App 227 ("[C]ommon-law defenses not abolished by statute are available when a plaintiff elects to pursue a civil action rather than the administrative remedy . . . . MCL 418.141; MSA 17.237[141]").

[8] See 192 Mich App 227 ("[C]ommon-law damages . . . are available when a plaintiff elects to pursue a civil action rather than the administrative remedy . . . . The trial court erred in limiting both the damages and the defenses in such a manner that plaintiff's action became an exact duplicate of a workers' compensation proceeding").

§ 641(2);[9] (2) implicitly disagreeing with the limitation on the defenses available to the defendant;[10] and (3) expressly holding that the employee's damages are not limited to compensation as provided in the act.[11]

III

Because the Court of Appeals opinion is subject to conflicting interpretation, and because of the potential jurisprudential significance of the questions posed, we vacate the judgment of the Court of Appeals and remand to that Court to determine whether, in a cause of action brought pursuant to MCL 418.641(2); MSA 17.237(641)(2), an employee may recover damages without first having to show the negligence of the employer.

If the Court of Appeals determines that the record below is sufficient to make that determination, it should decide the standard of liability, the defenses available, and the scope of recovery. If the Court of Appeals determines that the record below is insufficient to make these determinations, it should, while retaining jurisdiction, remand to the trial court for further development of the record regarding that and such other determinations as the Court of Appeals deems appropriate.

We do not retain jurisdiction.

CAVANAGH, C.J., and LEVIN, BRICKLEY, BOYLE, RILEY, GRIFFIN, and MALLETT, JJ., concurred.

[9] See 192 Mich App 227. The Court of Appeals cited two cases decided before the adoption of § 641, each of which held that even though an employer who has elected not to participate in the workers' compensation system may not raise certain defenses under § 141, the employee still must first show that the employer was negligent in order to be entitled to damages.

[10] See 192 Mich App 227 ("The trial court erred in limiting both the damages and the defenses in such a manner that plaintiff's action became an exact duplicate of a workers' compensation proceeding").

[11] See 192 Mich App 227.