## FROST *v.* CLEMENT.

1. MASTER AND SERVANT — WORKMEN'S COMPENSATION ACT — DEFENSE OF MASTER NOT UNDER ACT — NEGLIGENCE.

> In an action by an employee against his employer, who has not elected to come under the workmen's compensation act, for personal injuries received in the course of his employment, the only available defense is wilful contributory negligence, but to recover, the plaintiff must show that the defendant was guilty of negligence.

2. SAME — NEGLIGENCE — EVIDENCE — SUFFICIENCY.

> Evidence that plaintiff, an inexperienced workman, was set to work on an edging machine, the saws of which were not properly guarded, without any warning that the suction of the saws was sufficient to draw in a man's hand at a distance of four or five inches; that he was instructed by his employer to repair the machine without any warning of the dangers attending same, and that while attempting to carry out said orders while the machine was running he lost his right hand, *held,* sufficient to present the question of defendant's negligence to the jury.

3. SAME — WILFUL CONTRIBUTORY NEGLIGENCE.

> Although there is evidence from which it might be inferred that plaintiff was guilty of contributory negligence, it is *held,* insufficient to show wilful contributory negligence.

Error to Saginaw; Browne (Clarence M.), J. Submitted October 19, 1923. (Docket No. 3.) Decided December 19, 1923.

Case by Charles Frost against John Clement for personal injuries. Judgment for plaintiff. Defendant brings error. Affirmed.

On questions relating to wanton or wilful conduct of plaintiff which will preclude recovery for injury, see note in 21 L. R. A. (N. S.) 440.

*A. Elwood Snow,* for appellant.

*Crane & Crane* and *W. J. Nash,* for appellee.

McDONALD, J.   The purpose of this action is to recover damages for personal injuries received by the plaintiff while in the employ of the defendant, who is engaged in the manufacture of lumber in Saginaw county.   In his business he owns and operates a sawmill connected with which is an edging machine on which plaintiff was employed to work at the time of the accident.   The edging machine consists of a long table to which is attached three saws about 14 or 16 inches in diameter, running on one shaft driven by a belt from a traction engine.   A few inches from the saws is a live roller operated by a canvas belt connected with the traction engine and used to roll or draw the boards to the edging saws.   This roller is fastened to the table by means of a box with certain set screws.   The roller was not doing its work properly and the plaintiff undertook to fix it by adjusting the screws, while the machine was in operation.   In doing so his right hand in some way came into contact with one of the saws and was cut off.   The negligence alleged in the declaration consisted in defendant's failure to provide a safe place to work; in directing him to work at machinery with which he was unfamiliar, without warning him of the dangers incident thereto; and in failing to provide him with safe machinery by guarding the saws in the usual and proper manner.   The defendant claims that he was not negligent in any respect, as claimed, and asserts that the accident was due solely to the wilful negligence of the plaintiff.   At the close of the plaintiff's case and again at the conclusion of all the proofs, the defendant moved for a directed verdict on the ground that no negligence on his part had been shown; and that the undisputed evidence showed that the

plaintiff was guilty of wilful negligence, which was the sole proximate cause of his injuries. These motions were denied, as was a subsequent motion for a judgment *non obstante veredicto*. The plaintiff received a verdict of $1,000, on which judgment was entered.

The errors complained of relate to the ruling of the court in refusing to direct a verdict for the defendant and in denying his motion for a judgment notwithstanding the verdict. The defendant is not under the workmen's compensation law. The plaintiff is not in either of the excepted classes, and, therefore, the only available defense is wilful contributory negligence, but to recover the plaintiff must show that the defendant was guilty of negligence, which was the proximate cause of his injury.

"While the common law defenses of contributory negligence *unless wilful,* assumed risk and negligence of a fellow servant are no longer available to the master (2 Comp. Laws 1915, § 5423), the servant cannot recover against the master unless the master is guilty of negligence." *Horn* v. *Parke, Davis & Co.,* 215 Mich. 578.

The evidence as to the defendant's negligence tends to show that the plaintiff was a farmer and had no knowledge of machinery; that the machine which he was employed to operate was dangerous to an inexperienced workman; that he was unappreciative of many of the dangers incident to the operation of such a machine; that when he was injured he was doing work about the saws which the defendant had directed him to do outside of his regular employment; that the saws were unguarded, though it was usual to guard them; that a hood had been provided for that purpose but was not used; that the plaintiff did not know about the hood and its use; that when the saws were in motion a suction was created sufficient to draw in a man's hand at a distance of four or five inches; that

the roller which the plaintiff was adjusting at the time of the accident had been out of alignment for several days, and though many times requested to repair it, the defendant had not done so; that he finally directed the plaintiff to do this work, knowing of his inexperience and not warning him of the dangers attending it.   We think that in these facts there is some evidence of defendant's negligence.

The testimony of the other witnesses shows that it was feasible and usual to have guards on saws of this kind.   That the defendant realized the danger of operating the machine without guards is evident from his testimony, wherein he says that on three different occasions he warned the plaintiff to keep away from the saws.   The injury might have been averted if the saws had been guarded or if the plaintiff had been told of the hood and the purpose for which it could be used.   If it was feasible and usual to guard the saws, defendant's failure to do so was evidence of negligence.   Some of the dangers were so obvious that a warning was not necessary, but it cannot be said that danger from the suction of the saws was obvious. This the plaintiff knew nothing about and the defendant was therefore under obligation to warn him of such danger.   In view of these facts, we think there was some evidence tending to show negligence on the part of the defendant, and that the court did not err in submitting the question to the jury.

Was the plaintiff guilty of wilful contributory negligence?   There is evidence from which it might be inferred that the plaintiff was negligent, but that such negligence was wilful is not supported by any evidence, unless it be that plaintiff deliberately disobeyed instructions to keep from the saws, and recklessly exposed himself to obvious dangers.   The plaintiff denies that he was given any such instructions.   The conflicting evidence on this element of the case made

a question for the jury which the court submitted with proper instructions.

We find no reversible error in this record.

The judgment is affirmed, with costs to the plaintiff.

WIEST, C. J., and FELLOWS, CLARK, BIRD, SHARPE, MOORE, and STEERE, JJ., concurred.