JARMOSZKO v. MYSLYWIEC.

MASTER AND SERVANT—NEGLIGENCE—DIRECTED VERDICT.
In employee's action for injury to hand, based on employer's alleged negligence in failing to warn of danger in operating electrically driven meat grinder, judgment for defendant on directed verdict is affirmed by equally divided court.

Error to Kent; Perkins (Willis B.), J. Submitted October 21, 1930. (Docket No. 114, Calendar No. 35,096.) Decided January 7, 1931.

Case by Isadore Jarmoszko against William Myslywiec for personal injuries received while operating a meat grinder. Directed verdict and judgment for defendant. Plaintiff brings error. Affirmed by an equally divided court.

*Cornelius Hoffius* and *Dorr Kuizema*, for plaintiff.

*Linsey, Shivel & Phelps*, for defendant.

FEAD, J. Plaintiff, 21 years of age, while working for defendant, had his hand injured in an electrically driven meat grinding machine, and brought this action for damages. The court directed a verdict for defendant. The question is whether, as a matter of law, defendant was not guilty of negligence in not warning plaintiff of hidden dangers of the machine and instructing him in its operation. The testimony favorable to plaintiff must be taken as true.

The meat was put into a hopper some four inches square at the top, went down four to six inches to an auger which revolved and carried the meat

On duty of master providing machine of standard make and in common use to equip same with safety device or guard, see annotation in 16 L. R. A. (N. S.) 128, 144; 36 A. L. R. 1477.

against knives, and then it was forced through a plate with holes gauged to a desired size. Sometimes it was necessary to force the meat down the hopper and a wooden plunger was usually employed for that purpose. Defendant furnished no such plunger to plaintiff.

Plaintiff had worked in meat markets for two years but always in the front shop. He had operated small grinding machines with tall hoppers and always with plungers. He had never operated a large machine, and told defendant that he had had no experience with them. He was instructed by defendant to mix ice with the meat and grind it three times, once with a coarse plate and twice with a fine plate. He ground it once, changed the plate and ran it through a second time. The meat became mushy, like soft ice cream. While he was grinding it the third time the machine clogged and the meat bubbled up in the hopper. He looked for a plunger but found none nor anything he could use to press down the meat. He tried a broom handle, but it pushed through the meat and did not start it. He then pressed it with the flat of his hand, it gave way suddenly and drew his fingers into the auger.

Plaintiff knew the ordinary dangers of the machine, that if his fingers got into the auger he would be injured, and that the safe way to press down the meat was with a plunger. He did not know that, when the machine became clogged, the meat might then give way suddenly and let his hand fall into the grinder.

Several butchers testified that when the meat is fine, if the machine clogs, especially if it works rapidly, an air pocket may form over the auger and this condition is dangerous, because, when the meat afterward starts down, it descends abruptly and

may carry the hand with it. It is a danger which they have learned from experience and is so well known that butchers have developed a technique in using their hand to press down the meat when they do not want to bother with a plunger or it is not handy. Some, among them defendant, use the doubled up fist, which is too large to go down the hopper, and others use the flat of the hand, with the thumb locked over the rim to prevent the hand being drawn into the auger. The machine upon which plaintiff was working ran faster than such machines ordinarily do. The employee is presumed to see and understand all obvious dangers that a prudent person of his age, capacity, and experience would see and understand, and the owner owes no duty to warn him against them. 39 C. J. p. 499. But he owes the duty to warn of dangers which are not obvious to such a person. *Frost* v. *Clement,* 225 Mich. 267.

While plaintiff knew the ordinary perils of the machine, the danger of the sudden dropping of the soft meat, which was recognized by experienced butchers as a special and hidden danger to be appreciated only from experience, was unknown to plaintiff, and he was not instructed in the peril or manner of handling it. The case is analogous to *Frost* v. *Clement, supra,* where, while the ordinary dangers of an edging machine were open to observation, the fact that, when the saws were in motion, a suction was created sufficient to draw in a man's hand at a distance of four to five inches, was a hidden peril, and failure to warn an inexperienced employee against it was held to be negligence.

Under the circumstances, we think it was a question for the jury whether defendant owed plaintiff the duty of warning.

Judgment should be reversed, and new trial ordered, with costs.

CLARK, McDONALD, and NORTH, JJ., concurred with FEAD, J.

WIEST, J. I do not think any actionable negligence was established. A meat grinder is a common household utensil. Every óne knows that a meat grinder will cut fingers poked in it, and housewives do not have to be warned of that fact. Want of warning to plaintiff to keep his fingers out of the machine was not negligence. · The grinder was of standard make. Was it negligence not to provide a suitable stick to press down the meat in the hopper? In *O'Connor* v. *Webber*, 239 N. Y. 191 (146 N. E. 200, 36 A. L. R. 1473), too short a stick was provided, the auger flipped it and let the. hand of a 14-year old boy operator fall into the hopper and the revolving screw cut off his fingers. The grinder described in that case tallies with the grinder in the case at bar. The court held there was no negligence and no liability. If there was no negligence in not furnishing a suitable stick, there certainly was no negligence in not furnishing any stick.

I am not impressed by the theory that an air pocket formed in meat the consistency of "soft ice cream," and when plaintiff pressed. upon the top the mass suddenly fell and let his fingers reach the auger. No one knows whether the accident happened in that way, and I think there should be something of more probative force than a mere theory.

The judgment for the defendant is affirmed, with costs against plaintiff.

BUTZEL, C. J., and POTTER and SHARPE, JJ., concurred with WIEST, J.