WILLIAMS *v.* SEALANDER.

1. MASTER AND SERVANT—CONTRIBUTORY NEGLIGENCE—FELLOW SERVANTS—BUSINESS NOT OPERATED UNDER WORKMEN'S COMPENSATION ACT.

No question arises as to any contributory negligence on the part of an injured employee and an employer is liable for the negligence of a fellow servant where the business is not conducted under the provisions of the workmen's compensation act (2 Comp. Laws 1929, § 8407).

2. SAME—BURDEN OF PROOF—NEGLIGENCE OF EMPLOYER.

In an action by an employee against an employer not operating under the workmen's compensation act, the burden of proof is upon plaintiff to establish defendant's negligence by a preponderance of the evidence.

3. NEGLIGENCE—PORTABLE SAW MACHINE—SAFETY MEASURES.

Conduct of foreman of three-man crew operating a portable sawing machine in leaving the machine running while he left to get a pail of water after they had decided to move the machine elsewhere *held,* not a violation of any duty to use reasonable care for safety of plaintiff, another member of the crew.

4. SAME—PROXIMATE CAUSE—UNFORESEEABLE CONSEQUENCES—PORTABLE SAW MACHINES.

Action of plaintiff's fellow servant in adjusting pulleys attached to portable sawing machine *held,* not negligence for which employer could be held to respond in damages for plaintiff's injuries resulting from fact that rope which he had picked up from the ground beneath the revolving shaft was jerked where the fellow servant did not know plaintiff was holding the rope and that he was in proximity of the moving shaft and the jerking of the rope was an unforeseeable and unanticipated consequence.

Appeal from Delta; Bell (Frank A.), J. Submitted April 6, 1939. (Docket No. 34, Calendar No. 40,400.) Decided June 5, 1939.

Case by Leonard W. Williams, employee, against Alfred C. Sealander, employer, for damages for personal injuries sustained while in defendant's employ. Directed verdict and judgment for defendant. Plaintiff appeals. Affirmed.

*Yelland & Yelland,* for plaintiff.

*H. J. Rushton* and *Glenn W. Jackson,* for defendant.

McAllister, J. Defendant employed three men to saw wood on a portable sawing machine. The business was not carried on under the provisions of the workmen's compensation act. Plaintiff, one of the workmen, placed slabs on the table of the saw; Jensen, the foreman, operated the engine and the table; and Baribeau held the wood while it was being cut and removed it from the machine. After they had finished sawing a certain quantity of wood on the premises of defendant, they decided to move the machine to another pile of slabs. Before doing so, however, Jensen, the foreman, went to get a pail of water, leaving the machine running.

The manner in which the machine was moved was by pulling on a rope running through pulleys, one of which was attached to a chain fastened to a stake some distance away and the other to the front of the machine. From time to time it was necessary to shorten the chain in order to separate the pulleys which had come together as a result of moving the machine. In preparing to change its location, Baribeau went to the front of the machine in order to disconnect a pulley so that the chain might be shortened.

About the same time, plaintiff reached down to pick up the end of the rope which was on the ground underneath the shaft. As he did so, Baribeau, whose back was turned to plaintiff, in adjusting the pulleys, caused the rope to be jerked, which caught plaintiff's hand, drawing him into the revolving shaft of the engine. As a result plaintiff was pulled over the shaft and his body thrown about, resulting in severe injuries.

Plaintiff sued defendant, claiming negligence in permitting the saw to operate while preparations were being made to move the machine and further claiming that defendant was responsible for negligence of Baribeau in jerking the rope, causing plaintiff's hand to be entangled in the machine. Under the workmen's compensation act no question arises as to any contributory negligence on the part of plaintiff; and defendant would be liable for the negligence of a fellow servant (3 Comp. Laws 1929, § 8407 [Stat. Ann. § 17.141]). The trial court, on defendant's motion, directed a verdict of no cause of action on the ground that there was no proof of any negligence on the part of the defendant.

The burden of proof is upon plaintiff to establish defendant's negligence by a preponderance of the evidence. It was not negligent for defendant's foreman, Jensen, to leave the machine running while he went to get a pail of water. Such conduct was not a violation of any duty to use reasonable care for plaintiff's safety. Baribeau's action in adjusting the pulleys causing the rope to jerk cannot be held to be negligence for which defendant can be held to respond in damages. Baribeau had no knowledge that the plaintiff was holding the rope and that he was in proximity of the moving shaft. The result of Baribeau's action in causing a jerk of the rope was an unforeseeable and unanticipated consequence.

He had no reason to believe that it would result in danger or injury to plaintiff.

Judgment affirmed, with costs to defendant.

BUTZEL, C. J., and WIEST, BUSHNELL, SHARPE, POTTER, CHANDLER, and NORTH, JJ., concurred.