SMEESTER v PUB-N-GRUB, INC (ON REMAND)

Docket No. 165882. Submitted July 7, 1993, at Lansing. Decided
    January 17, 1995, at 9:10 A.M. Leave to appeal sought.

Pamela Smeester brought an action in the Delta Circuit Court
    against Pub-N-Grub, Inc., her employer, seeking compensatory
    damages for wage loss, loss of earning capacity, medical expen-
    ses, and intangible damages for injuries sustained during the
    course of her employment. The defendant did not carry work-
    er's compensation insurance. The court, Dean J. Shipman, J.,
    granted partial summary disposition for both parties, denying
    the defendant's affirmative defenses and limiting damages to
    compensation available under the Worker's Disability Compen-
    sation Act. The Court of Appeals, GILLIS, P.J., and MICHAEL J.
    KELLY and GRIBBS, JJ., reversed, holding that both common-law
    damages and defenses not abolished by statute are available in
    a civil action, and finding that the trial court erred in limiting
    both in such a manner that the action became a duplicate of a
    worker's compensation proceeding. 192 Mich App 224 (1991).
    The Supreme Court vacated the judgment of the Court of
    Appeals and remanded for a determination by the Court of
    Appeals "whether, in a cause of action brought pursuant to
    MCL 418.641(2); MSA 17.237(641)(2), an employee may recover
    damages without first having to show the negligence of the
    employer." The Court further ordered that the Court of Ap-
    peals, if the record is sufficient, "decide the standard of liabil-
    ity, the defenses available, and the scope of recovery." 442 Mich
    404, 408 (1993).

    On remand, the Court of Appeals held:

    1. A common-law action brought pursuant to § 641(2) does
    not act as an election of remedies; rather, § 641(2) imposes
    common-law liability in addition to, not as a substitute for, the
    benefits recoverable under the Worker's Disability Compensa-
    tion Act.

    2. A common-law action brought pursuant to § 641(2) requires
    proof that the employer was in some respect negligent.

    3. An employer in a common-law action for damages brought

REFERENCES

Am Jur 2d, Workers' Compensation §§ 52, 66, 108.
See ALR Index under Workers' Compensation.

by an employee pursuant to § 641(2) may not raise as a defense the negligence of the employee, except to the extent that the employee's negligence is wilful.

4. An employee bringing a common-law action pursuant to § 641(2) is not limited to recovering as damages only those amounts that are payable as benefits under the Worker's Disability Compensation Act.

Reversed and remanded.

WORKER'S COMPENSATION — EMPLOYER TORT LIABILITY — NEGLIGENCE — DEFENSES — DAMAGES.

The common-law action of an employee against an employer permitted under the Worker's Disability Compensation Act where the employer is not insured pursuant to the act does not act as an election of remedies, but rather imposes common-law liability in addition to, not as a substitute for, worker's compensation benefits; in such a common-law action, negligence is an element of the employee's cause of action against the employer, the employee's negligence is a defense to the action only to the extent that the employee's negligence is wilful, and the damages recoverable by the employee are not limited to that which is payable as benefits under the Worker's Disability Compensation Act (MCL 418.641[2]; MSA 17.237[641][2]).

*Green, Renner, Weisse, Rettig, Rademacher & Clark, P.C.* (by *Richard C. Clark*), for the plaintiff.

*Stupak & Bergman, P.C.* (by *Frank A. Stupak*), for the defendant.

ON REMAND

Before: GRIBBS, P.J., and MICHAEL J. KELLY and GRIFFIN, JJ.

GRIBBS, P.J. Previously, this Court held that both common-law damages and defenses not abolished by statute were available in a civil action under § 641(2) of the Worker's Disability Compensation Act (WDCA), MCL 418.641(2); MSA 17.237(641)(2), when an employee sues an employer for an injury such that, had the employer been

insured as required by §§ 171 and 611 of the WDCA, MCL 418.171, 418.611; MSA 17.237(171), ·17.237(611), suit would be prohibited by the exclusive remedy provision of § 131 of the WDCA, MCL 418.131; MSA 17.237(131). *Smeester v Pub-N-Grub, Inc,* 192 Mich App 224, 480 NW2d 329 (1991). The Supreme Court, however, found our opinion unclear and subject to conflicting interpretation and, accordingly, remanded for a determination "whether, in a cause of action brought pursuant to MCL 418.641(2); MSA 17.237(641)(2), an employee may recover damages without first having to show the negligence of the employer." The Court further ordered that, if this Court finds the record sufficient to make such determination, we are to "decide the standard of liability, the defenses available, and the scope of recovery." If, however, the record is insufficient to that end, this Court is required to remand to the trial court for further development of the record. *Smeester v Pub-N-Grub, Inc,* 442 Mich 404, 408; 500 NW2d 742 (1993).

Plaintiff, Pamela Smeester, was injured in the course of her employment at defendant, Pub-N-Grub, Inc., shortly after she was hired. When she submitted her medical bills to the employer, both parties discovered that defendant did not carry worker's compensation insurance. Plaintiff then brought this civil action, seeking traditional tort damages for her injury pursuant to § 641(2) of the WDCA.

The trial court granted plaintiff's motion in limine to disallow comparative negligence as an affirmative defense. Although no appeal was taken by defendant from that decision, the propriety of that ruling appears to be one of the issues we are constrained by the Supreme Court's order of remand to evaluate.

The order that originally generated this appeal was one in which the trial court granted defendant's motion to limit plaintiff's damages to what she otherwise could have recovered under the WDCA. We granted leave to appeal and originally held that common-law damages are available in a civil action of this nature. We held that such an action is not duplicative of a worker's compensation proceeding. By the terms of the Supreme Court's order of remand, that is another issue we must reconsider.

Two sections of the WDCA apply to these problems. Section 641(2) provides:

> The employee of an employer who violates the provisions of section 171 or 611 shall be entitled to recover damages from the employer in a civil action because of an injury that arose out of and in the course of employment notwithstanding the provisions of section 131.

The other directly applicable statutory provision is § 141, MCL 418.141; MSA 17.237(141), which provides:

> In an action to recover damages for personal injury sustained by an employee in the course of his employment or for death resulting from personal injuries so sustained it shall not be a defense:
>
> (a) That the employee was negligent, unless it shall appear that such negligence was wilful.
>
> (b) That the injury was caused by the negligence of a fellow employee.
>
> (c) That the employee had assumed the risks inherent in or incidental to, or arising out of his employment, or arising from the failure of the employer to provide and maintain safe premises and suitable appliances.

The WDCA is remedial in nature and is to be construed liberally in a humanitarian manner in favor of injured employees. *McGillis v Aida Engineering, Inc,* 161 Mich App 370, 374; 410 NW2d 817 (1987). However, because § 641 appears to restore the employee's common-law right to sue the employer, a cause of action otherwise eliminated by § 131, limitations on that common-law action will not be presumed lightly, and statutes will not be extended by implication to abrogate established rules of the common law. *Hasty v Broughton,* 133 Mich App 107, 113; 348 NW2d 299 (1984). Courts indulge a presumption that the Legislature is familiar with the rules of statutory construction and has drafted its enactments accordingly. *People v Jones,* 190 Mich App 509, 513; 476 NW2d 646 (1991).

We note that § 641 does not, as did the corresponding provision in the original version of the Workmen's Compensation Act, 1912 (1st Ex Sess) PA 10, part 6, § 1, declare that pursuit of such a common-law action constitutes an election of remedies. See *Twork v Munising Paper Co,* 275 Mich 174, 179; 266 NW 311 (1936). We hold that the WDCA does not absolve an employer who is uninsured from nonetheless remaining liable under its provisions for statutory benefits. Section 641(1) delineates criminal sanctions and § 641(2) imposes common-law liability in addition to, but not as a substitute for, benefits recoverable under the WDCA.

What, then, is the nature of this common-law action? As we previously held, such an action is one in tort, for which traditional tort damages, including those for emotional distress and loss of consortium, may be recovered. The common-law action is one in the nature of trespass on the case, in which the plaintiff must prove that the em-

ployer was in some respect negligent as a precondition to recovery. *Viaene v Mikel,* 349 Mich 533, 539; 84 NW2d 765 (1957); *Brown v Standard Oil Co,* 309 Mich 101; 14 NW2d 797 (1944); *Williams v Sealander,* 288 Mich 617; 286 NW 101 (1939); *Erickson v Leach,* 285 Mich 554, 558; 281 NW 324 (1938); *Frost v Clement,* 225 Mich 267, 269; 196 NW 324 (1923); *Smith v Hyne,* 208 Mich 334, 347; 175 NW 293 (1919); *Lydman v De Haas,* 185 Mich 128, 139; 151 NW 718 (1915).

While the foregoing cases were decided before the enactment of § 641, that provision simply restores the common-law right of action abolished by § 131 under the described circumstances. Therefore, it is appropriate to turn to the common-law principles that obtained before the adoption of § 641 to determine the nature of the common-law action thus resurrected.

Turning our attention to the question of comparative negligence, we note that Michigan's appellate courts in some situations have extended comparative negligence so as to apply it to situations in which, before the adoption of comparative negligence in *Placek v Sterling Heights,* 405 Mich 638; 275 NW2d 511 (1979), contributory negligence was no defense. *Vining v Detroit,* 162 Mich App 720, 724-728; 413 NW2d 486 (1987); *Hardy v Monsanto Enviro-Chem Systems, Inc,* 414 Mich 29, 38; 323 NW2d 270 (1982). Nonetheless, § 141(a) clearly precludes consideration of anything but the plaintiff's wilful negligence in defense of the common-law action restored in § 641(2).

Section 141 likewise renders inapposite the doctrine of assumption of risk, in all its manifold forms. Thus, an employee who falls victim to unsafe working conditions that the employee was fully aware of, and the hazard of which the employee readily might have avoided in the exercise

of due care, is within the doctrine of assumption of risk and foreclosed as a defense by § 141(c). *Wulff v Bossler*, 199 Mich 70; 165 NW 1048 (1917). Indeed, in effect, § 141 abolishes all or nearly all recognized common-law defenses. *Erickson v Leach, supra.*

Nothing in the WDCA purports to limit the damages recoverable in an action under § 641(2) in comparison with those otherwise available in a personal injury action sounding in tort. However, generally, it is abhorrent to the fundamental principles of the WDCA to allow any form of double recovery. *Stanley v Hinchliffe & Kenner,* 395 Mich 645, 657; 238 NW2d 13 (1976). Accordingly, if, as in *Viaene v Mikel, supra,* an employee successfully has pursued and recovered benefits in a worker's disability compensation proceeding, or been voluntarily awarded benefits, any such benefits must be subtracted from the recovery awarded by the trier of fact in a common-law action under § 641(2). See *Mayhew v Berrien County Rd Comm,* 414 Mich 399; 326 NW2d 366 (1982); *Borchardt-Spicer v GAF Corp,* 139 Mich App 658; 362 NW2d 728 (1984). Judgment then may be entered on the verdict thus adjusted.

The circuit court erred in determining that an action such as the present one under § 641(2) essentially is duplicative of a worker's compensation proceeding. There would be no point to pursuing such a common-law remedy, with its requirement that the plaintiff prove fault, when the same recovery could be had in a worker's compensation proceeding without the necessity or risk of adducing proof of employer negligence. This common-law action is principally one for damages not otherwise recoverable within the worker's compensation system, although, if the present plaintiff has not yet received such benefits, she may plead and

prove such damages on trial of this case. Should she fail to prove negligence, however, she can revert to the administrative remedy, which is not preconditioned on proof of employer fault. *Viaene v Mikel, supra.*

Accordingly, we hold: (1) negligence is an element of an employee's cause of action against an employer under § 641(2); (2) an employer may not assert as a defense the negligence of the employee, unless that negligence is wilful, MCL 418.141; MSA 17.237(141); and (3) an employee's damages are not limited to the worker's compensation benefits available pursuant to the WDCA.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.