**Frederick Allen KENNEDY, Plaintiff,**

v.

**R.W.C., INC., Dwight A. McCulloch, Lyle Biniecke, Robert Hanson, Jr., Donald Lester, Roger C. Pajot, and Edmund Nogaski, Defendants.**

**No. 04–10281–BC.**

United States District Court, E.D. Michigan, Northern Division.

March 16, 2005.

Manda L. Westervelt, Victor J. Mastromarco, Jr., Mastromarco & Jahn, Saginaw, MI, for Plaintiff.

Deborah L. Brouwer, Linda G. Burwell, Thomas Schramm, Nemeth Burwell, Bruce A. Miller, Miller Cohen, Detroit, MI, for Defendants.

**638**

*OPINION AND ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION FOR JUDGMENT ON THE PLEADINGS AND FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS TO STRIKE CONCURRENCE AND TO SUPPLEMENT RESPONSE*

LAWSON, District Judge.

This matter is before the Court on a motion by some of the individual defendants for judgment on the pleadings that they have converted to a motion for summary judgment, and the plaintiff's motions to strike a document purporting to concur in the motion by another individual defendant and the corporate defendant and to supplement his response to the defendants' motion. The plaintiff filed a complaint under the Title VII of the Civil Rights Act of 1964 and the Michigan Civil Rights Act against his former employer and former co-employees alleging that he was sexually harassed by his former co-workers. He also pleaded claims of assault and battery and conspiracy under state law. After the defendants filed their motion, the plaintiff conceded that he has no claim under Title VII or the Michigan Civil Rights Act against the individual defendants, but he disputes the argument that his claim for assault and battery is barred by the Michigan Workers Disability Compensation Act. The Court heard the arguments of the parties in open court on March 14, 2005, and now finds that the plaintiff's claims under Title VII and the Michigan statute must be dismissed against the individual defendants, but his claims for assault and battery and conspiracy may proceed with an amendment to the complaint.

## I.

Defendant R.W.C., Inc. employed the plaintiff, Frederick Allen Kennedy, begin-

ning July 10, 1995; he worked under the supervision of the defendant Lyle Biniecke. The remaining defendants, whom the plaintiff claims are known as the "wolf pack," Dwight A. McCulloch, Robert Hanson, Jr., Donald Lester, Roger C. Pajot, and Edmund Nogaski, worked alongside the plaintiff as machine builders. The plaintiff alleges this group of co-workers during working hours "would systematically harass the plaintiff in violation of his Civil Rights for purposes of gratifying themselves sexually," Second Amend. Compl. ¶ 11, and they "grop[ed] and grab[bed] him in the genital region and buttocks region using broom sticks, their fingers, a set of truck keys, a tuning fork, and a piece of pipe." He specifically alleges one or more of the co-worker defendants acted to sneak up behind him and prod or "goose" him once on each date from January 28, 2002 through February 1, 2002. He further alleges the defendants' "actions were intentional, willful, malicious, reckless and caused injury to the plaintiff." Second Amend. Compl. ¶ 47.

The plaintiff contends that he was seriously injured by this conduct when, following surgery in October 2000, the defendants' physical assaults, described above, caused a re-injury to his back when the various "gropes," "grabs," or "gooses" caused the plaintiff to "jerk upright." Second Amend. Compl. ¶¶ 18–22. As a result, the plaintiff contends, he was required to undergo further surgery consisting of fusion of vertebrae and installation of surgical hardware, and he says he is totally disabled. Second Amend. Compl. ¶¶ 14, 29.

On October 13, 2004, the plaintiff filed a complaint against the defendants alleging four counts: (1) a violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2(a)(1); (2) a violation of the Elli-

ot Larsen Civil Rights Act (ELCRA), Mich. Comp. Laws § 37.2101 *et seq.;* (3) assault and battery; and (4) conspiracy to commit the civil rights violations and assault and battery. The complaint further alleges that R.W.C., Inc. is vicariously liable for the assault and battery. The plaintiff then filed a motion to amend the complaint along with a proposed first amended complaint, which the Court denied on December 2, 2004. On December 15, 2004, defendants McCulloch, Hanson, Lester, Pajot, and Nogaski, filed a motion for judgment under Federal Rules of Civil Procedure 12(b)(6) and 56(c) on grounds that the plaintiff did not exhaust the administrative remedies under Title VII as to them, they cannot be held individually liable as co-employees for violations of Title VII or the ELCRA, and the Michigan Workers Compensation Act provides the exclusive remedy for the plaintiff's assault and battery claim. These defendants also seek summary judgment on the conspiracy count. The Court held a scheduling conference on December 16, 2004 and allowed the plaintiff to file an amended complaint by December 30, 2004. The plaintiff then filed a second amended complaint dated December 27, 2004 containing the same counts and premised on the same incidents as in the original filed complaint. In his response to the defendants' motion, the plaintiff agrees that his co-workers are not individually liable under Title VII and the ELCRA. He contends, however, that his claims against all defendants for assault and battery and conspiracy should proceed.

On January 27, 2005, defendants R.W.C., Inc. and Biniecke filed a response to the motion by the co-defendants purporting to concur in their motion. The plaintiff disputes that his civil rights claims against his supervisor Biniecke and his employer R.W.C., Inc. should be dismissed. He also alleges that the response should be stricken as untimely filed. Defendants R.W.C., Inc. and Biniecke then agreed to withdraw their concurrence, although no order to that effect was entered by the Court.

In addition, the plaintiff filed a motion following the March 14, 2005 hearing requesting the Court allow supplement to his response to the defendants' motion for judgment on the pleadings and summary judgment. He seeks to submit an affidavit in support of his claims.

## II.

The purpose of a motion under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not the probability of success on the merits. *Ecclesiastical Order of the Ism of Am, Inc., v. Chasin,* 653 F.Supp. 1200, 1205 (E.D.Mich.1986). In considering a motion to dismiss under Rule 12(b)(6), the allegations in the complaint are taken as true and are viewed in the light most favorable to the non-moving party. *Herrada v. City of Detroit,* 275 F.3d 553, 556 (6th Cir.2001). The Court may consider only whether the allegations contained in the complaint state a claim for which relief can be granted. *Roth Steel Prods. v. Sharon Steel Corp.,* 705 F.2d 134, 155 (6th Cir.1983). The motion may be granted only if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Buchanan v. Apfel,* 249 F.3d 485, 488 (6th Cir.2001) (quoting *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). However, "the complaint is not to be dismissed because the plaintiff has misconceived the proper theory of the claim, if he is entitled to any relief under any theory." *Myers v. United States,* 636 F.2d 166, 169 (6th Cir.1981) (quotations and citations omitted).

If matters outside the pleadings must be considered in ruling on the merits of the claim, as here, the motion more properly should follow the standards and procedures of Rule 56, and reviewing courts generally will treat the motion as one for summary judgment. *Michigan Paytel Joint Venture v. City of Detroit,* 287 F.3d 527, 533 (6th Cir.2002) (quoting *Soper v. Hoben,* 195 F.3d 845, 850 (6th Cir.1999)). The defendants have filed a supplement to their motion that contains excerpts from testimonial hearings and have made liberal and frequent references to them at oral argument. The plaintiff has not suggested that he will suffer prejudice, and the Court believes, therefore, that the defendants' motion ought to be adjudicated as a motion for summary judgment.

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact." Fed.R.Civ.P. 56(c). The Court must view the evidence and draw all reasonable inferences in favor of the non-moving party, and determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 251–52, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). "Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986) (quotation and citation omitted).

## A.

■ The defendants first allege that the plaintiff failed to exhaust administrative remedies by first presenting his claim to the Equal Employment Opportunity Commission and obtaining a right to sue letter. It is well established that "[t]he Title VII plaintiff satisfies the prerequisites to a federal action (1) by filing timely charges of employment discrimination with the EEOC, and (2) receiving and acting upon the EEOC's statutory notice of the right to sue." *Puckett v. Tennessee Eastman Co.,* 889 F.2d 1481, 1486 (6th Cir.1989) *citing* 42 U.S.C. § 2000e–5(f)(1); *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 798, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). After these defendants filed their motion for summary judgment, the plaintiff filed a second amended complaint containing an EEOC right-to-sue letter dated September 3, 2004. The letter requires the plaintiff to file suit within ninety days of receiving the letter. The plaintiff filed his first complaint on October 13, 2004, within the specified ninety-day period. Pursuant to Federal Rule of Civil Procedure 15(c), the second amended complaint "relates back to the date of the original pleading" because the claim in this pleading "arose out of the conduct ... set forth or attempted to be set forth in the original pleading." The counts, defendants, and described conduct alleged in the second amended complaint are the same as set forth in the original pleading. Therefore, the Court considers the plaintiff's suit as brought in accordance with the right to sue letter.

## B.

■ The defendants contend that Title VII and the ELCRA do not provide a cause of action against individual defendants who are co-employees. The plaintiff does not contest this assertion. The Court agrees that Counts One and Two of the amended complaint should be dismissed against the individual defendants who are co-employees. It is well established in the Sixth Circuit that "an individual employ-

ee/supervisor, who does not otherwise qualify as an 'employer,' may not be held personally liable under Title VII." *Wathen v. General Elec. Co.,* 115 F.3d 400, 405 (6th Cir.1997). A Michigan court has held that the ELCRA likewise fails to provide a cause of action against co-employees. *Jager v. Nationwide Truck Brokers, Inc.,* 252 Mich.App. 464, 652 N.W.2d 503 (2002), *leave to appeal denied* 468 Mich. 884, 661 N.W.2d 232 (2003); *see Millner v. DTE Energy Co.,* 285 F.Supp.2d 950, 963–965 (E.D.Mich.2003). Counts One and Two, therefore, will be dismissed against defendants McCulloch, Hanson, Lester, Pajot, and Nogaski.

### C.

The individual defendants also contend that the assault and battery count should be dismissed against them because that claim is barred by the exclusive remedy provision of the Michigan Workers Disability Compensation Act. *See* Mich. Comp. Laws § 418.131(1). In support of their argument, they cite *Crilly v. Ballou,* 353 Mich. 303, 91 N.W.2d 493 (1958), a case in which the Michigan Supreme Court held that an employee who was inured as a result of "horseplay" of co-workers while on the job may recover workers' compensation benefits from his employer. The defendants point to other Michigan cases that hold that an employer is not liable to pay workers compensation for an injury to an employee caused by the malicious and willful acts of a co-worker. *See Graham v. Ford,* 237 Mich.App. 670, 604 N.W.2d 713 (2000); *Petrie v. General Motors Corp.,* 187 Mich.App. 198, 466 N.W.2d 714 (1991). They draw a distinction between horseplay—induced injuries on one hand and malicious injuries on the other, and reason that if a horseplay—induced injury is compensable under the Workers Disability Compensation Act, then the plaintiff is limited to recovery under that Act as his

exclusive remedy against both his employer and the offending co-worker. They contend that an employee may maintain an action in tort only for malicious, intentional injuries, and they insist that the conduct here amounted only to horseplay and therefore was within the Act's exclusive remedy bar.

■ The Court cannot accept the logic of the defendants' argument. It is established that an employee who is injured on the job by the negligence of his fellow worker may not bring an action against his co-employee if an action against the employer would be barred by the exclusive remedy provision of the workers' compensation act. *See Nichol v. Billot,* 406 Mich. 284, 292, 279 N.W.2d 761 (1979); *Sergeant v. Kennedy,* 352 Mich. 494, 90 N.W.2d 447 (1958). However, this argument benefits the defendants in this case not at all for two reasons. First, the Michigan legislature amended Section 131(1) of the Act in 1987 to allow an injured employee to maintain a claim against an employer, and thus against co-workers, for intentional torts. Second, although an employee may maintain a workers' compensation action for on-the-job injuries resulting from "horseplay," that action is not his exclusive remedy— and he may also sue his co-workers for their "horseplay"—if that conduct also amounts to "intentional torts," as that term has been defined by the Michigan legislature. In other words, "horseplay" can be both compensable under the Act and an intentional tort within the Act's definition that could be prosecuted in the traditional manner, so that the Act's provisions would provide the injured worker *a* remedy, but not his *sole* remedy.

At oral argument, the defendants referred to *Petrie* and *Graham,* contending that these cases establish that "horseplay" may fall within the scope of compensable

injuries under the Act and therefore trigger the exclusive remedy bar. The Court does not read those decisions as supporting the proposition. Rather, *Petrie* dealt with the question of when "horseplay" could be considered within the course of employment so as to allow the injured employee to invoke the remedial provisions of the Act. *Petrie*, 187 Mich.App. at 201, 466 N.W.2d at 715–16 (observing that "[t]he *Crilly* Court ... did not define the limit at which horseplay ceases to be within the course of employment, and therefore compensable, and exceeds the course of employment and is no longer compensable"). *Graham* merely confirmed that the exclusive remedy bar is removed in the case of intentional torts, and that the nonexclusivity proviso extends to the torts of co-employees. *Graham*, 237 Mich.App. at 673–74, 604 N.W.2d at 716 (stating that "under subsection 131(1) of the act, an employer may be held liable for an intentional tort," and that "[t]his section applies equally to the alleged intentional torts of a coemployee").

In its present form, Section 131(1) of the Michigan Workers Disability Compensation Act reads:

> The right to the recovery of benefits as provided in this act shall be the employee's exclusive remedy against the employer for a personal injury or occupational disease. The only exception to this exclusive remedy is an intentional tort. An intentional tort shall exist only when an employee is injured as a result of a deliberate act of the employer and the employer specifically intended an injury.

Mich. Comp. Laws § 418.131(1). With regard to claims against third parties, Michigan law provides:

> Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies but the injured employee or his or her dependents or personal representative may also proceed to enforce the liability of the third party for damages in accordance with this section.

Mich. Comp. Laws § 418.827. The Michigan Supreme Court read these two sections as sanctioning intentional tort actions against co-employees in *Travis v. Dreis and Krump Manufacturing Company*, 453 Mich. 149, 551 N.W.2d 132 (1996). Commenting on the 1987 amendment to Section 131(1), the court observed:

> The present version of subsection 131(1) of the WDCA was enacted in 1987 PA 28. It indicates that an employee's exclusive remedy for a personal injury or occupational disease is the recovery permitted under the Worker's Disability Compensation Act. The one exception to this recovery scheme is when an employer commits an intentional tort.

*Id.* at 161, 551 N.W.2d at 138. The court then held that "[r]eading § 131 in conjunction with § 827, the only reasonable conclusion is that a coemployee may be sued in tort for the commission of an intentional tort." *Id.* at 190, 551 N.W.2d at 150. The court reasoned that:

> Section 131, as amended by 1987 PA 28, indicates that intentional torts are excluded from the exclusive remedy provisions of the WDCA. Accordingly, for purposes of § 827, an intentional tort is not an "injury for which compensation is payable under this act." Because intentional torts fall outside the WDCA, an individual defendant who possess the intent to injure and whose deliberate act

or omission causes injury may be prosecuted under ordinary tort principles. *Id.* at 190, 551 N.W.2d at 150. The court made no allowance for "horseplay." There likewise is no requirement that the plaintiff must elect between his workers' compensation and traditional tort remedies. *See* Mich. Comp. Laws § 418.831 (providing that "[n]either the payment of compensation or the accepting of the same by the employee or his dependents shall be considered as a determination of the rights of the parties under this act"). If there were such a requirement, then one of the remedies would be "exclusive." That is not to say, however, that the plaintiff may recover twice for a single injury. *See Smeester v. Pub–N–Grub, Inc.*, 208 Mich.App. 308, 314, 527 N.W.2d 5, 9 (1995) (on remand) (observing that "generally, it is abhorrent to the fundamental principles of the WDCA to allow any form of double recovery").

■ The plain language of Section 131(1) allows an injured worker to avoid the exclusive remedy bar if the injury resulted from an "intentional tort," that is, when he is "injured as a result of a deliberate act of the employer and the employer specifically intended an injury." There are two elements to this exception: the employer's (and co-worker's) conduct must be "deliberate;" and the actor must intend "an injury."

■ The plaintiff here unquestionably alleges intentional torts against the individual defendants sounding in both assault and battery and conspiracy. An assault and battery is an intentional tort under Michigan law. *See VanVorous v. Burmeister*, 262 Mich.App. 467, 482–483, 687 N.W.2d 132, 142 (2004) (stating that an "assault" is an " 'intentional unlawful offer of corporal injury to another person by force, or force unlawfully directed toward the person of another, under circum-

stances which create a well-founded apprehension of imminent contact, coupled with the apparent present ability to accomplish the contact,' " and a "battery" is a " 'wilful and harmful or offensive touching of another person which results from an act intended to cause such a contact' ") (quotations and citations omitted). Likewise, a civil conspiracy is defined as "a combination of two or more persons, [who] by some concerted action, [agree] to accomplish a criminal or unlawful purpose, or to accomplish a lawful purpose by unlawful means." *Admiral Ins. Co. v. Columbia Casualty Ins. Co.*, 194 Mich.App. 300, 313, 486 N.W.2d 351 (1992). Conspiracy requires proof of an intentional agreement. *See Temborius v. Slatkin*, 157 Mich.App. 587, 599–600, 403 N.W.2d 821 (1986).

■ There is, perhaps, a question as to whether the plaintiff adequately has alleged that the individual defendants intended to injure him, however. The second amended complaint contains the following allegations:

28. That Defendant "wolf pack" and the Defendant, RWC, Inc. participated in this Criminal Sexual Conduct, and did so through the element of surprise and concealment, through the actual application of physical force and physical violence.

.　　.　　.　　.　　.

44. That Defendants, in all their actions set forth in the Complaint herein, do constitute an assault and battery on Plaintiff's person, as defined by Michigan Criminal and Common Law.

.　　.　　.　　.　　.

46. That Plaintiff was placed in imminent apprehension of bodily harm and was in fact harmed by Defendant "wolf pack."

47. That the Defendant "wolf pack's" actions and Defendant RWC, Inc.'s actions were intentional, willful, malicious, reckless and caused injury to the Plaintiff by way of assault and battery.

.    .    .    .    .

49. That the touching as described above was unwanted.

Second Amend. Compl. ¶¶ 28, 44, 46–47, 49. This language certainly includes a claim that the defendants' conduct was deliberate, and it permits an inference that an injury was intended. However, there is no specific allegation that the defendants actually intended to injure the plaintiff. Because the statute requires that the actor actually intend "an injury," although not necessarily the very injury that resulted, the second amended complaint ought to be amended further to include this necessary allegation, if indeed the plaintiff believes that he can prove it.

Assuming that the plaintiff will promptly file an amended pleading, the Court finds no merit to the argument by the individual defendants that the plaintiff's claims against them in Counts three and four of the second amended complaint are barred by the Michigan Workers Disability Compensation Act.

### D.

The plaintiff has filed a motion to strike a the response of defendants R.W.C., Inc. and Biniecke to the co-defendants' motion for judgment on the pleadings and summary judgment, in which they purport to concur, because the response was filed out of time. Filing an untimely response to a motion to dismiss or summary judgment motion is not a ground for striking the motion. Rather, the remedy enforced by the Court is loss of the privilege of oral argument if oral argument is not dispensed with under the Local Rules. *See* E.D. Mich. LR 7.1(e)(2). Although these defendants attempted to withdraw their concurrence, they need not have done so, and the Court will consider the arguments as they pertain to R.W.C., Inc. and Biniecke, who did not present oral argument at the motion hearing. The plaintiff's motion to strike, therefore, will be denied.

■ To the extent that defendant R.W.C., Inc. alleges in its joinder in the co-defendants' motion for summary judgment that no sexual harassment occurred within the meaning of Title VII, the Court observes that the Supreme Court has held that same sex harassment can form the basis of a Title VII claim. *See Oncale v. Sundowner Offshore Services, Inc.,* 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998). R.W.C., Inc. has done little to develop the argument that the conduct of the co-workers amounted merely to "horseplay" that did not rise to the level of harassment sufficient to create a hostile work environment or constitute discrimination. Its joinder in the motion, construed as a motion for summary judgment on that ground, also will be denied.

Defendant Biniecke has been described as a "supervisor" of the plaintiff. The plaintiff suggests that the Title VII and ELCRA claims should proceed against him. However, the Sixth Circuit, in dismissing a Title VII claim against supervisors who were described as "upper-level management" stated that "Congress did not intend individuals to face liability under the definition of 'employer' it selected for Title VII." *Wathen,* 115 F.3d at 406. The Court believes that Biniecke's position was equivalent to the "upper-level" managers in *Wathen,* and it will dismiss Counts One and Two as to him as well.

### III.

Although the plaintiff may not maintain an action under Title VII or the ELCRA

against the individual defendants, there is no bar against proceeding against them on the other counts of the complaint, since those claims arise from the transaction and occurrences giving rise to the federal actions against R.W.C., Inc. *See* 28 U.S.C. § 1367(a) (abrogating *Aldinger v. Howard,* 427 U.S. 1, 96 S.Ct. 2413, 49 L.Ed.2d 276 (1976) and *Finley v. United States,* 490 U.S. 545, 109 S.Ct. 2003, 104 L.Ed.2d 593 (1989), which rejected the doctrine of "pendant party jurisdiction"); *see United Mine Workers of America v. Gibbs,* 383 U.S. 715, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); 16 James Wm. Moore et al., Moore's Federal Practice § 106.05[7] (3d ed.2004) (observing that "[b]ecause there is nothing in Title VII that could be said to 'expressly' negate supplemental jurisdiction, there is no credible basis on which the [28 U.S.C. § 1367]'s broad jurisdictional grant can be voided in the Title VII context").

Accordingly, the defendants' motion for judgment on the pleadings and summary judgment [dkt. ## 18, 31, 45] are **GRANTED IN PART AND DENIED IN PART.**

It is further **ORDERED** that Counts One and Two of the amended complaint are **DISMISSED** against defendants McCulloch, Hanson, Lester, Pajot, Nogaski, and Biniecke only. The plaintiff may proceed against these defendants on the balance of his claims, as well as his claims on all counts against the remaining defendant.

It is further **ORDERED** that the plaintiff shall file an amended complaint that addresses the defect discussed above, if he so chooses, on or before **March 30, 2005.** If no amendment is filed within that time, Counts One and Two of the second amended complaint will be dismissed in their entirety.

It is further **ORDERED** that the plaintiff's motion to strike [dkt. # 44] is **DENIED.**

It is further **ORDERED** that the plaintiff's "*Ex Parte* Motion to Allow Supplement to Defendants' Motion for Judgment on the Pleadings and for Summary Judgment" [dkt. # 55] is **DENIED** as moot.