# STATE OF MICHIGAN

# COURT OF APPEALS

---

DAVID J. MCQUEER,

       Plaintiff-Appellant,

v

PERFECT FENCE COMPANY,

       Defendant-Appellee.

UNPUBLISHED
April 19, 2016

No. 325619

LC No. 2014-030287-NO

---

Before: TALBOT, C.J., and HOEKSTRA and SHAPIRO, JJ.

TALBOT, C.J. *(concurring)*.

I join the majority opinion in full. I write separately to address a concern discussed at length during oral arguments on this matter: whether plaintiff has standing.

Despite not being listed as an employee on defendant's policy with Accident Fund, plaintiff has received benefits from Accident Fund as the result of his accident. Defendant suggests that plaintiff lacks standing because he has received benefits, and that the true dispute is between defendant and Accident Fund over the fact that plaintiff was not disclosed as an employee to Accident Fund. While such a dispute might well exist, plaintiff has standing in this matter.

In Michigan, "a litigant has standing whenever there is a legal cause of action."[1] As explained in this Court's opinion, plaintiff has presented evidence sufficient to create a question of fact regarding whether defendant violated MCL 418.171. Pursuant to MCL 418.641(2), "[t]he employee of an employer who violates the provisions of [MCL 418].171 . . . shall be entitled to recover damages from the employer in a civil action that arose out of and in the course of employment notwithstanding the provisions of [MCL 418.]131." Thus, by violating MCL 418.171, an employer is no longer protected by the exclusive remedy provision of MCL 418.131, and may be liable for damages in a tort action.[2]

---

[1] *Lansing Sch Ed Ass'n v Lansing Bd of Ed*, 487 Mich 349, 372; 792 NW2d 686 (2010).

[2] See *Smeester v Pub-N-Grub, Inc (On Remand)*, 208 Mich App 308, 312; 527 NW2d 5 (1995) (explaining that MCL 418.641(2) "imposes common-law liability in addition to, but not as a

That said, this Court has explained that in actions filed pursuant to MCL 481.641(2), an employee is not entitled to double recovery:

> Nothing in the WDCA purports to limit the damages recoverable in an action under [MCL 418.]641(2) in comparison with those otherwise available in a personal injury action sounding in tort. However, generally, it is abhorrent to the fundamental principles of the WDCA to allow any form of double recovery. Accordingly, if . . . an employee successfully has pursued and recovered benefits in a worker's compensation proceeding, *or been voluntarily awarded benefits, any such benefits must be subtracted from the recovery awarded by the trier of fact in a common-law action under [MCL 418.]641(2).* Judgment then may be entered on the verdict thus adjusted.[3]

Of course, it remains to be seen whether plaintiff's suit will succeed. And if he does succeed, plaintiff may nonetheless recover nothing if his damages are equal to or less than the compensation he has already received. However, if the suit is successful, the finder of fact may conclude that the damages suffered by plaintiff exceed the benefits he has received, in which case defendant will be liable for the difference. This is one risk an employer accepts when it fails to comply with MCL 418.171.

/s/ Michael J. Talbot

---

substitute for, benefits recoverable under the WDCA."). Such a suit is not duplicative of worker's compensation proceedings. "There would be no point to pursuing such a common-law remedy, with its requirement that the plaintiff prove fault, when the same recovery could be had in a worker's compensation proceeding . . . ." *Id*. at 314.

[3] *Id*. at 314 (citations omitted; emphasis supplied).